**FAN–REED, INC., et al., Appellants,**

v.

**UPPER NECHES RIVER MUNICIPAL WATER AUTHORITY, et al., Appellees.**

No. 12–81–0190–CV.

Court of Appeals of Texas, Tyler.

April 28, 1983.

Rehearing Denied With Opinion May 26, 1983.

David Claflin, Austin, John Robert Adamson, Jacksonville, for appellants.

Jackson R. Hanks, Palestine, Jim Mathews, Marsha Lee Rutenbar, Atty. General's Office, Austin, for appellees.

McKAY, Justice.

This is an appeal from a temporary injunction. The trial court granted a temporary injunction against Fan-Reed, Inc., Robert L. Fannette, and A.L. Fannette, restraining and enjoining them from discharging sewage from their sewage treat-

ment plant and collection system into or adjacent to the waters of the State of Texas except as authorized by Waste Control Order # 11448, or by order of the Texas Water Commission.

Fan-Reed is a privately owned public utility providing sewage gathering and treatment service for a residential subdivision located on Lake Palestine in Smith County known as Emerald Bay. It has been operating under Waste Control Order # 11448 issued to its predecessor by the Texas Water Quality Board. Upper Neches River Municipal Water Authority (Authority) brought suit for an injunction against Fan-Reed and the Fannettes for violating The Texas Water Quality Act by operating without a waste discharge permit, and without a valid certificate of competency from the Texas Health Department, and for unauthorized discharge from its irrigation system.

The Attorney General intervened on behalf of the Texas Department of Water Resources (TDWR) alleging that Fan-Reed and the Fannettes were, in the operation of their sewage treatment plant and collection system, discharging sewage into or adjacent to the waters of the State in violation of the Texas Water Code, and that they were not authorized to do so by any rule or permit or order of the TDWR. The prayer of TDWR was that appellants be enjoined permanently from further violations of Chapter 26 of the Texas Water Code.

Appellants admit in their brief that they are unable to produce the quality of effluent required by the Waste Control Order, and that they do not have sufficient land available for irrigation—which results in discharge of more waste water than can be absorbed by the ground, and that "when irrigation is performed some of the water does not soak into the ground and instead runs down a hill away from the large holding pond and toward Lake Palestine." Appellants say that the only way to stop the "discharge" is to stop treating sewage, and that they operate a public utility and to comply with the temporary injunction would result in shutting the system down

without permission from the Public Utility Commission, in violation of the Public Utility Regulatory Act, Tex.Rev.Civ.Stat.Ann. Art. 1446c, § 58(b) (Vernon 1980).

Although we find no documentary evidence in support thereof, appellants say that Fan-Reed, Inc., debtor, filed for bankruptcy on November 12, 1981, in Bankruptcy Cause No. TX–81–00497, in Federal Court in Tyler, and that a Trustee was appointed and is operating the system subject to the control of this Bankruptcy Court.

Appellants argue that this court should dissolve the injunction against Robert L. Fannette and stay the appeal with regard to Fan-Reed, Inc., based upon the bankruptcy proceedings. Robert L. Fannette says the appointment of a receiver or trustee in bankruptcy has effectively removed him from management and control of Fan-Reed, Inc., and, as to him, the injunction should be dissolved and the cause dismissed.

■ There was no request for findings of fact and conclusions of law, and there are none in the record. It has long been established in Texas that in a nonjury case where findings of fact and conclusions of law are neither requested nor filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Seaman v. Seaman,* 425 S.W.2d 339, 341 (Tex.1968). *See also Lassiter v. Bliss,* 559 S.W.2d 353, 356 (Tex. 1977).

■ Where there are no findings or conclusions the trial court's judgment implies all necessary fact findings in support of the judgment, and in determining whether there is any evidence to support the judgment and the implied findings of fact in connection therewith "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 613 (Tex.1951).

■ Robert L. Fannette contends he has been effectively removed from management and control of Fan-Reed, Inc., and the injunction against him should be dissolved

and the cause dismissed. We disagree. Where the record discloses that violations were occurring and continuing up to or near the date of trial, the trial court may conclude that the same course of conduct may continue in the future unless there is convincing evidence to the contrary. *State of Texas v. Texas Pet Foods, Inc.,* 591 S.W.2d 800, 804 (Tex.1980).

■ Appellants maintain that there was no showing that Waste Control Order # 11448 was applicable to them, that there is no showing of pollution or harm to water quality of Lake Palestine sufficient to justify the injunction, and that the trial court abused its discretion by requiring them to violate the Public Utility Regulatory Act by terminating service without permission from the Public Utility Commission. These contentions are without merit. Appellants concede they are unable to produce effluent from their sewage plant of the quality required by Order # 11448. Witnesses testified they had seen evidence of discharges of raw sewage to Lake Palestine, of runoff of holding pond effluent from the irrigation area into a pond and thence to Lake Palestine, and of piping of holding pond effluent over the dam and into Lake Palestine. Such evidence would support a finding that appellants had violated § 26.121(c) of the Texas Water Code, which provides that "No person may cause, suffer, allow, or permit the discharge of any waste or the performance of any activity in violation of this chapter or of any rule, permit, or order of the department."

■ This is an appeal from an order granting a temporary injunction. When the district court determined that a statute was being violated, it was within the province of that court to restrain it. *State v. Texas Pet Foods, Inc., supra* at 805. Appellate review of an order granting a temporary injunction is limited to a determination of whether there has been a clear abuse of discretion by the trial court. *Davis v. Huey,* 571 S.W.2d 859, 861–2 (Tex.1978).

.We hold the injunction is not vague but is sufficiently specific to apprise appellants of the conduct which is enjoined. All of appellants' points are overruled.

We find that the trial court did not abuse its discretion in granting the temporary injunction.

Judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

■ In our original opinion in this cause we observed that we found no documentary evidence in the record to support appellant's assertion that they had filed for bankruptcy. We have since granted appellants' motion to enlarge the record and allowed a certified copy of the petition in bankruptcy to be filed among the papers in this cause. Appellants earnestly contend that proper notice to this court of the filing of said petition should result in a stay of further proceedings in this appeal, under the automatic stay provision of the Bankruptcy Code (11 U.S.C. § 362(a)).

We find, however, that the present action falls squarely within the exceptions to the automatic stay in § 362(b)(4) and (5), which provide:

(b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

. . . .

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

Appellants contend that the legislative history surrounding the adoption of the Bankruptcy Reform Act supports a stay in this case. However, in our view the legislative history cited by appellants actually supports the applicability of the above-cited exceptions to the stay. Both H.R.Rep. No. 595, 95th Cong., 1st Sess. 343, *reprinted in*

1978 U.S.Code Cong. & Ad.News 5963, 6299; and S.Rep. No. 989, 95th Cong., 2nd Sess. 52, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5838, contain the following language:

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of ... environmental protection, ... safety, or similar police or regulatory laws, ... the action or proceeding is not stayed under the automatic stay. Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction ....

Both Upper Neches River Municipal Water Authority and the Texas Department of Water Resources were proceeding against the debtor (Fan Reed) to stop violations of environmental protection laws, thus bringing the present action squarely within the letter and spirit of the above-quoted exceptions to the automatic stay provisions of the Bankruptcy Code. Appellants' motion for rehearing is in all respects overruled.