BERNIE B. DIAZ *v.* BOARD OF DIRECTORS OF THE 1967
POLICE PENSION FUND OF DANBURY
(2376)

TESTO, HULL and BORDEN, Js.

Argued February 29—decision released May 29, 1984

*John M. Creane,* for the appellant (plaintiff).

*Eric L. Gottschalk,* with whom was *Theodore H. Goldstein,* for the appellee (defendant).

HULL, J. This appeal[1] concerns the issue of whether the trial court lacked subject matter jurisdiction in an action brought by the plaintiff, Bernie B. Diaz, against the defendant, the board of directors of the 1967 police pension fund of Danbury, after the board had denied the plaintiff's application for a disability pension.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The plaintiff had been a full time paid member of the Danbury police department since 1972. He claimed that, while in the performance of his duties, he suffered a disabling back injury on September 21, 1977. He received medical treatment for the injury on three separate occasions and returned to his police duties on September 28, 1977. In March of 1978, the plaintiff left work claiming that he was disabled from further performing his duties as a result of the injury sustained in 1977.

The plaintiff underwent an operation for a herniated disc in July of 1978. In December of that year, his doctor advised that he could return to light duty, but that he had a ten percent permanent partial general disability. As a result, the plaintiff applied to the board for a disability pension in 1979. The initial application was denied without prejudice. Thereafter, the plaintiff reapplied, and in May of 1980, the board denied his application.

In August of 1980, the plaintiff filed a two count complaint wherein he alleged that the defendant's denial of his job-related disability pension application, after he had satisfied all of the eligibility requirements, was arbitrary, capricious and discriminatory; violated the plaintiff's rights under the pension benefit agreement; violated certain provisions of the code of the city of Danbury; and denied his right to equal protection of the laws. The plaintiff claimed that he had been irreparably harmed by the board's decision and that he had no adequate remedy at law. He, therefore, sought temporary and permanent mandatory injunctive relief to compel the board to grant him disability retirement benefits. He also sought damages in excess of $7500.

After a hearing on an order to show cause, in its memorandum of decision, the court, *Driscoll, J.,* denied the application for a mandatory injunction. In response

to the plaintiff's motion to clarify judgment, the court further stated in a hearing that only temporary injunctive relief was denied. The defendant then moved to dismiss the action claiming that the court lacked subject matter jurisdiction in the matter. The court, *Ford, J.,* granted the motion to dismiss. The court found that the plaintiff's action "appear[ed] to be in the form of an appeal." The court held that there was no statutory procedure for an appeal from the board's decision and that, without statutory authorization, the court lacked jurisdiction to entertain the plaintiff's action. The plaintiff appealed claiming that the court had jurisdiction. We agree.

The plaintiff claims that the court had subject matter jurisdiction based on three separate theories: (1) that there was jurisdiction based upon a cause of action for breach of contract; (2) that the Danbury pension ordinance provides for judicial review; and (3) that the court had the power of judicial review where certain constitutional rights were affected by the action of the board.

Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. *Shea* v. *First Federal Savings & Loan Assn. of New Haven,* 184 Conn. 285, 288, 439 A.2d 997 (1981). In determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction shall be indulged. *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 420 n.3, 426 A.2d 1324 (1980).

The trial court found that the plaintiff's action appeared to be an appeal from the board's decision. The court granted the motion to dismiss solely on the basis that because there was no statutory procedure for an appeal, in the technical sense, from the board's decision, and because the complaint appeared to be an appeal, the court lacked jurisdiction. We find that a close read-

ing of the plaintiff's complaint indicates otherwise. The complaint alleges breach of contract and raises constitutional claims concerning due process and equal protection.

I

Pursuant to General Statutes § 7-450, the Danbury Police Union Local 891 entered into a collective bargaining agreement with the city of Danbury whereby the city adopted a pension agreement. The pension agreement was incorporated into the Danbury code of ordinances.

Section I, subsection 4 of the pension agreement of 1970 states: "When any such employee shall become permanently disabled so as to be unable to perform active service in the Danbury Police Department by reason of mental or physical disability resulting from injury received or exposure endured in the performance of his duty, he may make application for retirement to the Board of Trustees of the Policemen's Pension Fund, and said Board of Trustees shall retire such employee on an annual pension payable monthly . . . provided such employee has been examined by two physicians and he has been found by such physicians to be unable to perform active service in said Department."

The plaintiff claimed in his complaint that the defendant violated or breached the pension agreement because it denied his application after he had satisfied all of the requirements for eligibility. He claims that the language indicating that the board "shall" retire an employee who has established eligibility, imposed a duty on the board to do so in this case. See *Graham* v. *Zimmerman*, 181 Conn. 367, 371, 435 A.2d 996 (1980) (use of word "shall" in statute or ordinance imposes mandatory duty or obligation). To the extent that the plaintiff's complaint alleged a breach of the pension agreement, the court had jurisdiction over the matter. *Cahill* v. *Board*

*of Education,* 187 Conn. 94, 103, 444 A.2d 907 (1982); see *Petrovich* v. *Board of Education,* 189 Conn. 585, 589, 457 A.2d 315 (1983).

Furthermore, the city ordinance which codified the pension agreement specifically contemplates such an action. Section 14-59 of the ordinance provides for a six year statute of limitations for "action[s] for amounts due under the provisions of this article . . . ."[2]

## II

The plaintiff further claims that the court had jurisdiction because in his complaint he alleged violations of his constitutional right to due process and to equal protection of the laws. The plaintiff alleged in the complaint that he had vested rights in the pension fund which were denied him and that this denial was arbitrary, capricious and discriminatory.

The Supreme Court has stated that there is no inherent right to judicial review of administrative actions. *Delagorges* v. *Board of Education,* 176 Conn. 630, 633, 410 A.2d 461 (1979). That court has also stated that "[t]here is *ordinarily* no constitutional right to judicial review of administrative action." (Emphasis added.) *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 472, 378 A.2d 547 (1977). While it is true that ordinarily there is no right to judicial review of administrative action where there is no statutory right of appeal, the Supreme Court has held that there are situations where such judicial review is permitted.

---

[2] Article 14 of the Danbury code of ordinances incorporates the pension agreement. Section 14-59, entitled "Limitation of Actions For Pensions," provides: "No action for amounts due under the provisions of this article shall be brought unless within six (6) years after the right of action shall accrue. Persons legally incapable of bringing an action when the right shall accrue may sue at any time within three (3) years next after becoming legally capable of instituting suit. All amounts not claimed within said periods shall remain part of the 1967 Police Pension Fund."

In *State* v. *Vachon,* 140 Conn. 478, 486, 101 A.2d 509 (1953), the Supreme Court found that while it is not essential to the constitutionality of a statute authorizing an administrative board to make orders that it contain a provision for an appeal, in the technical sense, from the board's action, "[i]f any person claims to be harmed by such an order, his constitutional right to due process is protected by his privilege to apply to a court." The *Vachon* court specifically stated that "[a] review of the action of such a board is not precluded." Id. It is clear, therefore, that under certain circumstances, a court has jurisdiction to review administrative action although there is no statutory procedure for an appeal. The plaintiff presented constitutional claims to the trial court and the trial court failed to rule on them. Because it is clear that review of administrative action is permitted in certain instances and because the plaintiff properly presented the aforementioned constitutional claims to the court for its consideration, the court erred in dismissing the case for lack of subject matter jurisdiction solely on the basis that the plaintiff's complaint was an appeal and that there was no statutory right thereto.

The Supreme Court has stated that where an appeal is improper, a party is not without recourse to protect any claimed property interest from unconstitutional deprivation or impairment. *Rybinski* v. *State Employees' Retirement Commission,* supra, 467 n.2. The plaintiff in this case claims a property interest in the pension benefits. His complaint alleges a capricious and arbitrary deprivation of that interest. The court's conclusion that any action brought to assert this claim sounds like an appeal from the board's decision which cannot be entertained leaves the plaintiff without recourse. Whether or not there is any merit to his claim, the plaintiff is entitled to such recourse where he has properly pleaded the claim as he has in this case.

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.