DENNIS CAPOZZIELLO *v.* BOARD OF FIREARMS
PERMIT EXAMINERS
(6021)

DUPONT, C. J., BORDEN and STOUGHTON, Js.

---

Submitted on briefs February 11—decision released May 10, 1988

*Gary A. Mastronardi* filed a brief for the appellant (plaintiff).

*Joseph I. Lieberman,* attorney general, and *John P. Gill,* assistant attorney general, filed a brief for the appellee (defendant).

DUPONT, C. J. The plaintiff appealed to the Superior Court from a decision of the defendant state board of firearms permit examiners (board) sustaining the denial by the commissioner of public safety (commissioner) of the plaintiff's application for a state permit to carry a pistol or revolver. The board moved to dismiss the appeal due to the plaintiff's failure to serve the commissioner with a copy of the petition of appeal from the decision of the board. The trial court granted the motion to dismiss, concluding that it lacked jurisdiction because the plaintiff, by failing to serve the commissioner, had not complied with General Statutes § 4-183 (b) of the Uniform Administrative Procedure Act, which requires service upon "all parties of record.[1] The commissioner was not named as a party in

[1] General Statutes § 4-183 (b) governs because General Statutes § 29-32b (f) provides that "[a]ny person aggrieved by the decision of the

the appeal to the trial court. In this appeal from the trial court's judgment of dismissal, the plaintiff claims that the trial court erred in concluding that the commissioner was a party of record upon whom service of the petition appealing from the board's decision was required. We agree with the trial court.

We conclude that the commissioner was a party of record in the proceedings before the board. Sergeant Francis J. Whelan of the Connecticut state police appeared at the hearing on behalf of the commissioner,[2] and presented the reasons for the denial of the plaintiff's application. Furthermore, the rules of procedure of the board, which preface the transcript of the hearing held before the board, provide that "[t]he procedure generally followed by the Board is that each party is requested to make a brief opening statement indicating the scope of his case and what he intends to show. Based on the opening statement, the Board will decide which party will proceed first, the issuing authority [commissioner] or the appellant. The issuing author-

---

board may appeal therefrom in accordance with the provisions of Section 4-183."

General Statutes § 4-183 (b) provides: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

[2] The commissioner of public safety is the commanding officer of the state police. General Statutes § 29-1b.

ity in his opening statement should briefly give his reasons for denying or revoking the appellant's application or permit . . . . "

The status of the commissioner as a party of record is supported by General Statutes § 29-32b (c), which grants the right of appeal to the board from a decision of the commissioner. Upon an application for such an appeal, the board is required to notify the commissioner of the time and place at which the hearing will be held; General Statutes § 29-32b (d); to order from the commissioner a written statement setting forth the reasons for the denial of the appellant's application; General Statutes § 29-32b (c); and to notify promptly the commissioner of the board's decision; General Statutes § 29-32b (e). In this case, the board complied with each of the foregoing statutory requirements. In the event of a decision by the board adverse to the commissioner's position, the commissioner may appeal to the Superior Court. General Statutes § 29-32b (f).

The appeal to the Superior Court is governed by the Uniform Administrative Procedure Act. General Statutes § 29-32b (f). That act provides, in General Statutes § 4-166 (5), that a " 'party' means each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." The commissioner was admitted as a party and participated in the board hearing as a matter of right. General Statutes § 29-32b. He therefore falls within the definition of a "party" pursuant to § 4-166 (5).

The failure to serve notice of an administrative appeal upon a party of record, as required by § 4-183 (b), is a fatal jurisdictional defect mandating dismissal. *Hillcroft Partners* v. *Commission on Human Rights & Opportunities,* 205 Conn. 324, 326, 533 A.2d 852 (1987); *Minichino* v. *Freedom of Information Commission,* 6

Conn. App. 148, 149, 503 A.2d 1189 (1986). "The right to appeal from the decision of an administrative agency exists only under statutory authority. This right may be taken advantage of only by strict compliance with the statutory provisions by which it is created." *Newtown v. Department of Public Utility Control,* 3 Conn. App. 416, 419, 488 A.2d 1286 (1985). The plaintiff here did not serve a party of record and his appeal was properly dismissed.

There is no error.

In this opinion the other judges concurred.