FELIX DANZIGER ET AL. *v.* DEMOLITION
BOARD OF THE CITY OF STAMFORD*
(6766)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued January 3—decision released February 7, 1989

*L. Morris Glucksman,* with whom, on the brief, was *Mark R. Feller,* for the appellants (plaintiffs).

*Barry J. Boodman,* assistant corporation counsel, with whom, on the brief, were *Mary E. Sommer,* corporation counsel, and *Eric L. Reinken,* assistant corporation counsel, for the appellee (defendant).

PER CURIAM. The plaintiffs appeal from the judgment of the trial court dismissing their administrative appeal from an order of the defendant, the demolition board

---

* Superseded. See 18 Conn. App. 40, 556 A.2d 625 (1989).

of the city of Stamford.[1] The defendant had ordered the plaintiffs to demolish two tenement buildings owned by them because the buildings, which had been unused since 1976 and had been damaged by fire, were a threat to health and safety. At a hearing held pursuant to §§ 90-7 and 90-8 of the Stamford Code of Ordinances[2] and during several weeks of extensions granted by the defendant, the plaintiffs indicated that they were selling the properties to another individual who planned to renovate them, but that the sales contract was conditioned on a variance being obtained from the zoning board of appeals. Although the plaintiffs presented a proposal for better security of the buildings against access by intruders, they offered no plan for restoration or rehabilitation that did not depend on a zoning variance; nor did the plaintiffs establish that the proposed purchaser had any specific plan for restoration

---

[1] Although the plaintiffs have purported to treat their appeals to the Superior Court and to this court as pursuant to General Statutes §§ 4-183 and 4-184 of the Uniform Administrative Procedures Act (UAPA), it is clear that the UAPA does not apply because the defendant is not a state "agency." General Statutes § 4-166 (1). We have treated this appeal, therefore, as an administrative appeal from a municipal agency authorized by § 90-11 of the Stamford code of ordinances. See footnote 2, infra.

[2] Section 90-7 of the Stamford Code provides that a property owner may request a hearing before the board "to cause revocation, suspension or modification of" a demolition order. Section 90-8 provides as follows: "At such hearing, the Board shall hear witnesses, receive evidence and consider all facts presented to it relevant to the question of whether or not such building is in a hazardous condition and should be demolished. At such hearing, the property owner may also submit a plan or proposal for the restoration or rehabilitation of said building to a safe condition and shall state the time in which such work shall be completed. If the Board accepts such plan, any such work must be commenced with thirty (30) days from the acceptance of said plan and must be completed within one hundred twenty (120) days unless said time period is otherwise extended by the Board. Such hearing shall be informal in nature and the Board shall not be required to observe the formal rules of evidence."

Section 90-11 provides for a right of appeal to the Superior Court by any property owner aggrieved by a decision of the board.

or any specific time table therefor, that a variance had been applied for, or that it was reasonably likely to be granted.

The plaintiffs claim that the trial court erred (1) by failing to conclude that the defendant denied them due process of law, and (2) by not considering certain facts outside the administrative record. We have fully considered the plaintiffs' claims in light of the thorough and well reasoned decision of the trial court, in which both of these contentions were fully discussed and rejected. We agree with the trial court that there was nothing unfair about the administrative proceedings, and that the plaintiffs' claims based on evidence outside the record were not reviewable, particularly since the plaintiffs did not move to admit such evidence in the trial court. We note, moreover, that the trial court nonetheless considered those claims of the plaintiffs as presented in their trial brief, and concluded that they were without merit because they concerned instances factually distinguishable from this case.

There is no error.