FELIX DANZIGER ET AL. *v.* DEMOLITION BOARD OF THE CITY OF STAMFORD
(6766)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued January 3—decision released April 4, 1989

*L. Morris Glucksman,* with whom, on the brief, was *Mark R. Feller,* for the appellants (plaintiffs).

*Barry J. Boodman,* assistant corporation counsel, with whom, on the brief, were *Mary E. Sommer,* corporation counsel, and *Eric L. Reinken,* assistant corporation counsel, for the appellee (defendant).

BORDEN, J. The plaintiffs appeal[1] from the judgment of the trial court dismissing their administrative appeal from an order of the defendant, the demolition board of the city of Stamford. We conclude sua sponte that the trial court lacked subject matter jurisdiction over the plaintiffs' administrative appeal, and we therefore find error in the form of the judgment dismissing the appeal because that judgment was rendered on the merits of the plaintiffs' claims, rather than on the ground of lack of subject matter jurisdiction.

Sections 90-1 through 90-19 of the Stamford Code of Ordinances provide for a scheme pursuant to which hazardous buildings within the city may be ordered demolished. We summarize the pertinent provisions as follows. A "hazardous building" is defined as "[a]ny building, vacant or occupied . . . which is unsafe, unsanitary or lacks adequate exit facilities, or which constitutes a fire hazard or is otherwise dangerous to human life or public welfare, or which by reason of illegal use, occupancy or maintenance has become hazardous and dangerous." Stamford Code of Ordinances § 90-1. The defendant board is composed of six members, consisting of two private citizens, the city building official, the fire marshal, the director of health and the municipal engineer, who inspect and determine whether hazardous buildings should be demolished. Stamford Code of Ordinances §§ 90-2, 90-3 and 90-4. Upon such a determination, the board may order a property owner to demolish his building. Stamford Code of Ordinances § 90-6. The property owner may appeal that order to the board and request a hearing. Stamford Code of Ordinances § 90-7. At the hearing, the board must consider all evidence presented to it regarding whether the building is hazardous and should be demolished, and the property owner may submit a

---

[1] This opinion replaces our earlier opinion in the same case, *Danziger* v. *Demolition Board,* 17 Conn. App. 429 (1989).

plan for restoration or rehabilitation of the building to a safe condition, stating the time within which the work is to be completed. Stamford Code of Ordinances § 90-8. If the board accepts the plan, the work must begin within thirty days and be completed within 120 days, unless the board extends those time periods. Id. The board must issue its final decision within fourteen days of the hearing, and may placard the building. Stamford Code of Ordinances §§ 90-9 and 90-10. Section 90-11 provides: "Any property owner aggrieved by a decision of the Demolition Board, upon conclusion of a hearing or hearings, may take an appeal to the Superior Court within fifteen (15) days after receipt of notification of such decision."[2]

The defendant had issued a preliminary order to the plaintiffs to demolish two tenement buildings owned by them because the buildings, which had been unused since 1976 and had been damaged by fire, were a threat to public health and safety. At a hearing held pursuant to §§ 90-7 and 90-8 of the code and during several weeks of extensions granted by the defendant, the plaintiffs indicated that they were selling the properties to another individual who planned to renovate them, but that the sales contract was conditioned on a variance being obtained from the zoning board of appeals. Although the plaintiffs presented a proposal for better security of the building against access by intruders, they offered no plan for restoration or rehabilitation that did not depend on the zoning variance; nor did the plaintiffs establish that the proposed purchaser had any specific plan for restoration or any specific timetable

---

[2] Subsequent sections of the Stamford Code of Ordinances provide for a lien in favor of the city for the costs of demolition; § 90-12; for relocation of tenants; § 90-13; for a declaration that the building is a nuisance and for a civil action to abate such nuisance; § 90-14; for a revolving fund to be used for tenant relocation and for demolition costs; § 90-15; and for a public list of all parties contracting with the city to perform such demolition work. § 90-16.

therefor, or that a variance had been applied for. The defendant then rendered a final decision ordering the plaintiffs to demolish the buildings.

The plaintiffs filed this administrative appeal in the Superior Court, claiming that the defendant's decision was "arbitrary, capricious, unreasonable, discriminatory and without right," that they had not received proper notice, and that the defendant's decision would remove much needed residential rental property from Stamford's rental market. The plaintiffs did not specify the jurisdictional basis of their appeal, and neither the defendant nor the trial court questioned whether the court had subject matter jurisdiction over the plaintiffs' appeal. The court dismissed the plaintiffs' appeal on its merits.

The plaintiffs appealed to this court, claiming that the trial court erred (1) by failing to conclude that the defendant denied them due process of law, and (2) by not considering certain facts outside the administrative record. In their brief in this court, the plaintiffs claim that their appeal to the Superior Court was an administrative appeal brought pursuant to General Statutes § 4-183, which is part of the Uniform Administrative Procedure Act (UAPA). When we suggested at oral argument that the UAPA did not apply to the action of the defendant because it is not a state agency, the plaintiffs relied, for the trial court's subject matter jurisdiction, on § 90-11 of the Stamford Code which, as noted above, provides for an appeal to the court by any person aggrieved by an order of the defendant. We conclude, however, that neither the UAPA nor § 90-11 of the Stamford Code of Ordinances conferred subject matter jurisdiction over the plaintiffs' administrative appeal. We are not aware of any other statutory basis for the appeal, and therefore the appeal should have been dismissed, not on its merits, but for lack of subject matter jurisdiction.

"Appeals to the courts from administrative officers or boards exist only under statutory authority, and, unless a statute provides for them, courts are without jurisdiction to entertain them." *Long* v. *Zoning Commission,* 133 Conn. 248, 252, 50 A.2d 172 (1946); see also *Charles Holdings, Ltd.* v. *Planning & Zoning Board of Appeals,* 208 Conn. 476, 479, 544 A.2d 633 (1988); *Capozziello* v. *Board of Firearms Permit Examiners,* 14 Conn. App. 376, 380, 540 A.2d 1075 (1988). The trial court did not have subject matter jurisdiction over the plaintiffs' appeal pursuant to the UAPA because the defendant is not a state agency. *Edwards* v. *Code Enforcement Committee,* 13 Conn. App. 1, 534 A.2d 617 (1987). Nor did it have jurisdiction over the appeal pursuant to § 90-11 of the Stamford Code of Ordinances because those ordinances are not statutes. We know of no authority by which a municipal ordinance may confer such jurisdiction on the courts of the state, and we can conceive of no reason or policy why an ordinance should be considered a statute for that purpose.

We turn, therefore, to the question of whether there are any other statutory bases, albeit not suggested by the plaintiffs, for this appeal. We find none.

We have located three statutes that, it might be argued, could serve as such a basis. Analysis of each, however, discloses that it does not pass muster.

General Statutes §§ 29-401 through 29-415 constitute the State Demolition Code. This code regulates, in general, the business of demolishing buildings and the issuing of permits for that purpose. Unlike the Stamford ordinance involved in this case, however, it does not provide for the mandatory demolition of hazardous buildings. General Statutes (Rev. to 1985)§ 29-405, in effect at the time of the administrative proceedings in this case, provided in pertinent part that "[a]ny person aggrieved by any order or decision of an *adminis-*

*trative officer* may . . . appeal therefrom to the superior court . . . ." (Emphasis added.) The "administrative officer" referred to is the officer appointed by the town pursuant to General Statutes § 29-404 "to administer sections 29-406 to 29-413 inclusive." Those sections, in general, regulate the issuance of permits for demolishing particular buildings; General Statutes § 29-406; notice to adjoining property owners; General Statutes § 29-407; and safety measures to be employed. General Statutes §§ 29-408 through 29-413. The defendant's order is not covered by General Statutes (Rev. to 1985) § 29-405.

General Statutes § 29-393 provides, inter alia, that a local building inspector may order the "removal" of any building that "is in such condition as to be a hazard to any person or persons" if such removal "is necessary in the interests of public safety."Even if we were to equate the defendant in this case with the Stamford building inspector—an equation of doubtful validity— this section does not apply to this case because General Statutes § 29-393 does not provide for an administrative appeal to the courts from such an order. Rather, General Statutes § 29-394 provides for criminal penalties for any person who fails to comply with such an order.

Finally, General Statutes §§ 29-251 through 29-282 constitute the State Building Code. General Statutes § 29-266 (d) provides that "[a]ny person aggrieved by any ruling of the *codes and standards committee* may appeal to the superior court for the judicial district where such building or structure has been or is being erected." (Emphasis added.) This section does not apply because the defendant is not the codes and standards committee, which is a committee "within the [state] department of public safety"; General Statutes § 29-251; and because the building code concerns, in general, construction or alteration of buildings; see, e.g., General Statutes § 29-263; not their demolition.

The conclusion that the plaintiffs were not entitled to challenge the defendant's demolition order by way of an administrative appeal to the court does not mean, however, that they were or are without a judicial remedy. It is not constitutionally necessary that a statute authorizing a local administrative board to make orders "contain a provision for an appeal, in the technical sense, from the board's action. If any person claims to be harmed by such an order, his constitutional right to due process is protected by his privilege to apply to a court." *State* v. *Vachon,* 140 Conn. 478, 486, 101 A.2d 509 (1953). This means that in such a case the aggrieved person may bring a plenary action, rather than an administrative appeal, against the appropriate officials or municipality in order to obtain judicial review of their actions. *Diaz* v. *Board of Directors,* 2 Conn. App. 43, 47–48, 476 A.2d 146 (1984). Thus, in *Diaz,* we held that the trial court had subject matter jurisdiction over the plaintiff's plenary action for an injunction and other relief; id., 43; challenging the order of the board of directors of the municipal pension fund, in the absence of a statutory right to an administrative appeal from that order. Id., 45. The plaintiffs in this case have similar avenues of recourse.[3]

There is error in the form of the judgment, the judgment is set aside and the case is remanded with direction to render judgment dismissing the plaintiffs' appeal for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

---

[3] The plaintiffs' prayer for relief did request that the trial court enjoin the defendant from demolishing the building and order the defendant to permit them to proceed with their plan for its rehabilitation. This request, however, was simply incidental to their principal claim, which was in essence an appeal from the order of the defendant and a petition to the court to vacate and set aside the order. It is clear, moreover, from the plaintiffs' complaint in the trial court, from the way the case was tried, and from the way it was briefed and argued in this court, that the plaintiffs' action was not a plenary action for an injunction but was an administrative appeal. We therefore consider it as such.