[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is an appeal pursuant to General Statutes 4-183 from a decision of the Commissioner of the Department of Health Services (CDHS) denying the plaintiff's request for a full hearing on her application to sit for the psychologist licensure examination. The plaintiff's application was denied by CDHS' letter dated September 29, 1989 for lack of educational credentials, suggesting however the availability of a blind review of such credentials by a sub-committee of the Connecticut Board of Examiners of Psychologists. By letter dated November 9, 1990 the plaintiff requested such review and the CDHS notified her of its decision by letter dated January 9, 1990. The plaintiff then requested a full hearing on the merits of the denial of her application which the CDHS denied by letter dated April 2, 1990. The plaintiff alleges that she is aggrieved by the decision of the CDHS and the defendant Board. The defendants have moved to dismiss in that (1) there exist no statutory authority to appeal since the action of the agency does not constitute a final decision in a contested case under the UAPA; and (2) the appeal was filed more than forty-five (45) days following the agency's determination.
 I.
Appeals to the courts from the decision of administrative agencies exist only under the statutory authority provided by the UAPA, and without such authority a court lacks jurisdiction to entertain such an appeal. Rybinski v. State Employees' Retirement Commission, 173 Conn. 462, 472. The right to appeal is provided to one who is aggrieved by a final decision in a contested case. General Statutes 4-183(a). General Statutes4-166(2) defines a contested case as: (1) a proceeding in which legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for a hearing or (2) in which a hearing is in fact held. The plaintiff, both in argument and in her brief, admits that there was no statutory requirement for such a hearing set out in General Statutes 19a-14, the CDHS's authority to make this decision, nor was there a hearing held in fact. She claims that General Statutes 4-177(a) entitled her to a hearing, General Statutes 20-188 entitled her to the reasons for a denial and an opportunity to be heard and that the failure to be given a hearing was a deprivation of her due process rights guaranteed under the Connecticut and federal constitutions. General Statutes 4-177(a) provides for a hearing in a "contested case." General Statutes 20-188 merely sets out the requirements to obtain a license. A person who claims to be CT Page 41 harmed in his constitutional rights where there is no statutory procedure for appeal may under certain circumstances have recourse to protect any claimed property interest. Diaz v. Board of Directors, 2 Conn. App. 43, 48. She has not however under UAPA. Reitzer v. Board of Trustees of State Colleges, 2 Conn. App. 196, 203.
 II.
Since the court has held that there is no statutory procedure for appeal, it is unnecessary to consider whether the appeal was served in accordance with the provisions of General Statutes 4-183(c).
For the above reasons the Motion to Dismiss is granted.
CORRIGAN, J.