[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on an appeal by the plaintiff of a decision by the defendant, the New Haven City Employees Retirement Fund Board (CERF Board), which denied the plaintiff's request for disability retirement benefits. There appears to be no dispute as to the facts. The plaintiff was employed by the City of New Haven as a laborer when, on November 17, 1987, he slipped in a hole while raking leaves. The plaintiff suffered an injury to his lower back and received medical care from various doctors from time to time. The last day in which the plaintiff worked as a city laborer was June 21, 1988.
On October 27, 1988, the plaintiff applied for a service-connected disability annuity to the CERF Board.
On April 25, 1989, the Board denied his request, and in turn, he appealed to the full Board which again denied his request on September 19, 1989.
On November 8, 1989, the plaintiff filed this action "pursuant to Section 268 of the New Haven Code," alleging that he is entitled to disability benefits.
The plaintiff seeks money damages and other equitable relief. On January 17, 1990, the plaintiff submitted a return of record.
The defendant filed an answer and asserted two special defenses, but later withdrew one of the defenses. The plaintiff moved to strike the special defense which was apparently never ruled upon. This Court, Mihalakos, J., presiding, held a hearing on January 29, 1991.
"Appeals to the courts from decisions of administrative officers exist only under statutory authority. . . [W]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion.
Park City Hospital v. Commission on Hospitals 
Health Care, 210 Conn. 697, 702 (1989). "The issue of subject matter jurisdiction can be raised at any time including during an appeal." Concerned Citizens of Sterling v. Town of Sterling, 204 Conn. 551, 556-57 (1987).
The plaintiff has brought this action as an administrative appeal of the CERF Board's decision pursuant to CT Page 5446 Section 268 of the New Haven Code. Section 268, Article IX, ("Retirement Plan for City Employees"), provides in relevant part:
 No action for any amount due under the provisions of this act shall be brought but within two years after the right of action shall accrue.
The defendant argues that this statute of limitation applies to actions filed pursuant to the City's administrative procedure act, found in Article III of the New Haven Code, and that the plaintiff has not filed an action complying with its procedures. The defendant further argues that the CERF Board is not an agency within the uniform administrative procedures act, Connecticut General Statutes Section 4-166(1), and that the plaintiff may not appeal the CERF Board's decision under the UAPA either.
The plaintiff further argues that Section 268 must be construed to create a cause of action that any other reading renders it meaningless. Further, that Section 268 does not require exhaustion of administrative remedies and that he has timely brought this suit within the two-year period. The plaintiff finally argues that the letter which was sent to the CERF Board adequately notified the City as required by the City's administrative procedure act.
In Carilli v. Hartford, 151 Conn. 703 (1964), the plaintiff appealed a decision of the Hartford Pension Commission to the Court of Common Pleas, arguing that the board wrongfully denied him a special disability retirement allowance. The Court of Common Appeals sustained that appeal and the city appealed the suit to the Supreme Court. The Supreme Court set aside the judgment and dismissed the appeal because the city's charter did not provide for an appeal to the courts from the action of the commission. In the absence of such provision, the Court of Common Pleas was without jurisdiction to hear the case.
In Diaz v. Board of Directors of the 1967 Police Pension Fund of Danbury, 2 Conn. App. 43 (1984), the Appellate Court reversed the trial court's decision dismissing the suit for lack of subject matter jurisdiction. The trial court had construed the plaintiff's case as an appeal of a decision by the defendant board and found no statutory authority for such an appeal. The Appellate Court, however, found the plaintiff to have alleged a breach of contract claim and a constitutional claim. The Appellate Court found that the trial court had jurisdiction to the extent that the plaintiff's CT Page 5447 complaint alleged a breach of the pension agreement. Further, that the plaintiff properly presented the aforementioned constitutional claims to the court. See also Danziger v. Demolition Board of the City of Stamford, 18 Conn. App. 40, 46
(1989).
This Court accordingly finds that it lacks subject matter jurisdiction over this appeal. There is no statutory authority which allows the Superior Court to hear appeals of the CERF Board's decision. Further, the plaintiff's complaint cannot be construed to allege a "plenary action" against the defendant.
The appeal is, therefore, dismissed.
MIHALAKOS, J.