[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This case involves an appeal by the plaintiff from a decision of the North Branford Water Pollution Control Authority ("WPCA"), denying approval for a sewer hookup for a forty-two home housing subdivision owned by the plaintiff.
Before the court is the defendant's motion to dismiss arguing that the court lacks subject matter jurisdiction because there is no statutory authority providing for this appeal. The plaintiff objects to the motion to dismiss claiming that he has a constitutional privilege to file an appeal.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." LeConche v. Elligers, 215 Conn. 701,709, 579 A.2d 1 (1990).
On October 20, 1992, the WCPA held a hearing and denied plaintiff's application for approval to hookup a forty-two home affordable housing subdivision to the existing sewer system. The hearing was held pursuant to the powers enumerated in General Statutes 7-247 et seq., which statutory scheme regulates municipal sewer systems. "`Appeals to the courts from administrative officers or boards exist only under statutory authority, and, unless a statute provides for them, courts are without jurisdiction to entertain them.'" (Citation omitted.) Danziger v. Demolition Board, 18 Conn. App. 40, 44, 556 A.2d 625
(1989). A review of the statutes pertaining to municipal sewer systems indicates that an appeal from a decision of a municipal water pollution control authority is provided for only in certain instances, none of which is present here.[1] Moreover, the plaintiff has no right of appeal under the Uniform Administrative Procedures Act (UAPA) because the defendant is not a state agency.[2] See Herman v. Division of Special Revenue, 193 Conn. 379,381, 477 A.2d 119 (1984).
The plaintiff, citing State v. Vachon, 140 Conn. 478,101 A.2d 509 (1954), makes the claim that he has a constitutional CT Page 3000 right to apply to court. It is apparent that the plaintiff misunderstands the court's statement in Vachon that
 [i]t is not essential to the constitutionality of a statute which authorizes an administrative board to make orders or grant licenses that it contain a provision for an appeal, in the technical sense, from the board's action. If any person claims to be harmed by such order, his constitutional right to due process is protected by his privilege to apply to a court.
(Emphasis added.) State v. Vachon, supra, 486. The appellate court later interpreted this statement in Vachon to mean "that in such a case the aggrieved person may bring a plenary action, rather than an administrative appeal against the appropriate officials or municipality in order to obtain judicial review of their action." (Citation omitted.) Danziger v. Demolition Board, supra, 46. It is clear from the plaintiff's complaint, entitled "Appeal From Water Pollution Control Authority," which is drafted in citation form, and asserts that the WPCA's denial of his application is illegal, arbitrary and in abuse of discretion, that this action is not a plenary action but is an administrative appeal.[3]
Accordingly, the court finds that it does not have subject matter jurisdiction with respect to the plaintiff appeal, and the motion to dismiss is granted.
Hadden, J.