[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 8542
This is an appeal from a decision of the Fairfield Condemnation Board, which determined after a public hearing that a building owned by the plaintiff was a menace to public safety, and ordered the plaintiff to make repairs to the property within five months. The appeal states that it is taken pursuant to 4-183 and51-197b of the General Statutes. The appeal was scheduled for trial on September 28, 1993. The day before the trial plaintiff's counsel gave notice to the defendants and the court that the plaintiff had filed a voluntary petition for bankruptcy on September 11, 1992 in federal court. The initial questions to be determined are whether this results in an automatic stay of proceedings under 11 United States Code 362, and if not whether the Superior Court has subject matter jurisdiction over this appeal.
When the parties appeared for trial, the court on its own motion questioned whether there was subject matter jurisdiction over the appeal and whether any of the exemptions provisions in11 U.S.C. § 362(b) applied. The appeal was continued for three days to allow the parties to research and brief these issues. When lack of jurisdiction to consider an administrative appeal comes to the court's attention, it can dismiss the proceeding upon its own motion as long as the parties have adequate notice and an opportunity to address the question. Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702-704.
A debtor who has filed a bankruptcy petition obtains an automatic stay of proceedings under 11 U.S.C. § 362(a)(1) for "the commencement or continuation, including the issuance of employment of process, of a judicial, administrative or other proceeding against the debtor that was or could have been commenced before the commencement of the case" in the bankruptcy court. A stay of proceedings in a state court often occurs in mortgage foreclosure proceedings or actions to collect a debt, namely situations where the subject of the bankruptcy proceeding in federal court is a defendant in the state court action. The bankruptcy stay is not applied to all litigation in which the debtor is a party, whether as a plaintiff or a defendant, and it rarely occurs in state court proceedings where the bankrupt person is a plaintiff rather than a defendant. However, the plaintiff here claims that even though he has taken this appeal from a decision of the Condemnation Board, that the underlying order appealed from is covered by the automatic stay provision because the Condemnation Board's order, if upheld, CT Page 8543 will require the plaintiff to spend money. 11 U.S.C. § 362(b) provides that the filing of a bankruptcy petition does not operate as a stay of proceedings in some situations. Pursuant to 362(b)(4) there is no stay "under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."
Several cases have interpreted that provision in situations involving state and local government proceedings to enforce and prevent violations of regulations enacted pursuant to the police power. This exemption from the automatic stay provision occurs because it is Congressional intent that the public interest in enforcing regulations under the police power outweighs the provisions of the Bankruptcy Act in case of a conflict; the provision is intended to permit governmental units to pursue actions to protect the public health and safety, but not to assist actions by a governmental unit to protect a pecuniary interest in property of the debtor. In the Matter of Canarico Quarries, Inc.,466 F. Sup. 1333, 1340 (D.C. Puerto Rico 1979) (operation of a quarry in violation of state laws and regulations to implement the Federal Clean Air Act). In Cournoyer v. Town of Lincoln, 790 F.2d 971,976, 977 (1st. Cir. 1986) a town was exempt from the automatic stay provision and could continue a state court action to enforce a zoning ordinance to make the debtor remove junk cars and parts from his property. The Cournoyer case contains a useful discussion of other cases where the exemption in 362(b)(4) applied or did not apply. In Penn Terra Limited v. Department of Environmental Resources, Commonwealth of Pennsylvania, 733 F.2d 267, 274 (3rd. Cir. 1984), it was held that proceedings by a state agency to compel a debtor to remedy environmental hazards under the state's police and regulatory powers was exempt from the automatic bankruptcy stay provision. In addition, the state enforcement action did not constitute an action to enforce a money judgment, since the proceeding did not seek payment of money or damages, but rather was an equitable action for restoration of property and to prevent future harm to the environment. Id. 275, 277-79. Section 362(b)(5) provides an additional exemption for "the enforcement of a judgment, other that a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." Where the property owner has been dispossessed from the property and the purpose of the action is to obtain clean up costs, the action would be an attempt to collect a monetary obligation that does not qualify for the exemption, and the debt is dischargeable in bankruptcy. Ohio v. CT Page 8544 Kovacs, 469 U.S. 274, 105 S.Ct. 705, 711, 83 L.Ed.2d 649 (1985). That is not the situation here. See also Fan-Reed, Inc. v. Upper Neches River Municipal Water Authority, 651 S.W.2d 356, (Tex. 1983) action by municipal water authority and state department of water resources to enforce environmental protection laws were exempt from automatic stay provision; In the Matter of Kennise Diversified Corp. 34 B.R. 237 (Bkrtcy. 1983) (city action to enforce housing laws was exempt under 362(b)(5). A material question is whether the enforcement action by the governmental unit protects public health and safety; In re Cousins Restaurants, Inc.,11 B.R. 521 (Bkrtcy. 1981) (enforcement of zoning regulations); In the Matter of Canarico Quarries, Inc., supra, 1340.
Proceedings of the Condemnation Board under Chapter 100 of the Fairfield Code results in orders to make repairs or alterations or to demolish buildings if the Board determines that a building is a menace to public safety but is not an action to collect a money judgment. The order of the Condemnation Board to the plaintiff is under the exemption provision in 362(b)(4). The plaintiff's appeal from that order falls in the same category, and his voluntary bankruptcy petition does not result in a stay of this appeal.
The next question is whether there is any statutory basis for this appeal, and if so, whether the appeal conformed to the statute. Appeals to the Superior Court from administrative agencies exist only under statutory authority. Raines v. Freedom of Information Commission, 221 Conn. 482, 489; Charles Holdings, Ltd. v. Planning Zoning Board, 208 Conn. 476, 479; Tazza v. Planning Zoning Commission, 164 Conn. 187, 190. Unless a statute provides for an appeal, the courts are without jurisdiction to decide them. Id, 190; East Side Civic Ass'n. v. Planning Zoning Commission, 161 Conn. 558, 560; Long v. Zoning Commission,133 Conn. 248, 252; Bardes v. Zoning Board, 141 Conn. 317, 318.
This appeal is not authorized by 4-183 of the General Statutes. That statute applies only to state agencies as a result of the definition of "agency" in 4-166. Edwards v. Code Enforcement Committee of Town of Vernon, 13 Conn. App. 1, 3; see also Lee v. Board of Education, 181 Conn. 69, 74, 75. For purposes of the Uniform Administrative Procedures Act, agency is defined in4-166(1) as "each state board, commission, department or officer . . . authorized by law to make regulations or to determine contested cases." (Emphasis added). The Fairfield Condemnation Board was created by a municipal ordinance and is not a state agency. While CT Page 854529-253(b) allows a town to adopt an ordinance on demolition of hazardous buildings, the board in exercising its powers is not acting as an agent of the state performing a state function and duty. Where local officials are in a principal-agent relationship with a state officer and are delegated the duty to perform what is mainly a state function and duty under the supervision of the state officer or agency, so that the decision made is essentially a decision of the state agency, an appeal can be taken under 4-183. Connecticut Air Service, Inc. v. Danbury Aviation Commission,211 Conn. 690, 696, 697. That is not the situation here.
The appellant also relies on 100-10 of the Fairfield Code:
 "Any person aggrieved by a final decision of the town or findings of the Board as provided in 100-5, acting through the board of condemnation, shall have the right of appeal to the Superior court for the Judicial District of Fairfield at Bridgeport within fifteen (15) days after receipt of notice of the findings."
The board's decision was made and notice was given to the plaintiff on July 16, 1991. This appeal was taken on July 29, 1991, and the appeal would be timely if the ordinance governs this appeal. A review of the Fairfield Code discloses that 100-1 through 100-15, which establishes the powers and procedures of the Fairfield Condemnation Board, were adopted by the Town of Fairfield on September 28, 1987 by ordinance. Municipalities in Connecticut have no inherent powers but only those which are expressly granted to them by the state. City Council v. Hall, 180 Conn. 243, 248; Pepin v. Danbury, 171 Conn. 74, 83. The right to appeal from a decision of a municipal agency to the Superior Court is exclusively controlled by statute passed by the legislature. Walkinshaw v. O'Brien, 130 Conn. 122, 138. There is no provision in 7-148, which defines the scope of municipal powers, or any other statute which gives a municipality the authority to pass an ordinance or charter provision creating the power to appeal from a municipal board or agency to the Superior Court. In some municipalities a special act of the Legislature rather than a general statute controls administrative appeals to the Superior Court, Pizzola v. Planning Zoning Commission, 167 Conn. 202, 205, 206, and an appeal would also be allowed where it was created by a special act incorporated into a municipal charter, provided the terms of the special act were followed. Masone v. Zoning Board of City of CT Page 8546 Stamford, 148 Conn. 551. However, Chapter 100 of the Fairfield Code was not derived from a special act, and the town code does not indicate that any special acts apply to Fairfield. The source of the jurisdiction of a court is the Constitution and statutory provisions. Romanowski v. Foley, 10 Conn. App. 80, 83, cert. denied 204 Conn. 803. While a municipality may have authority to establish a condemnation board, and some authority to regulate the condition of buildings in the municipality in the interest of public health and safety, the ordinance implementing that power cannot exceed the statutory authority granted by the legislature. The municipality and its agencies cannot modify, abridge or change the statutory provisions under which they acquire authority unless a statute specifically gives the municipality that power. State ex rel. Huntington v. McNulty, 151 Conn. 447, 449. There is no statutory authority for the appeal provision in 100-10 of the Fairfield Code and it is void and of no effect.
The situation here is similar to Danzinger [Danziger] v. Demolition Board of City of Stamford, 18 Conn. App. 40, which involved a similar provision in the Stamford Code of Ordinances. In that case the defendant issued an order to a property owner to demolish two buildings because they were a threat to public health and safety as a result of a fire. The Appellate Court held that an appeal from the Stamford Demolition Board was not allowed under 4-183 because it was not a state agency. Id., 43. It also held that the appeal provision in the Stamford ordinance did not confer jurisdiction on the Superior Court to hear the appeal, stating "we know of no authority by which a municipal ordinance may confer such jurisdiction on the courts of this state, and we can conceive of no reason or policy why an ordinance should be considered a statute for that purpose." Id., 44. It also considered other statutes which might allow an appeal, including 29-405 and 29-266(d) of the General Statutes and rejected them. The latter statute applies only to appeals from decisions of the State Codes and Standards Committee. Section 29-404 provides that the local building official administers 29-409 to 29-413, inclusive, which govern demolition of particular buildings, notice to adjoining property owners, and safety measures to be employed, and the order of the decision of the building official is appealable under 29-405. Id., 45. That statute states that "any person aggrieved by any order or decision of a building official may, within ten (10) days of such order or decision, appeal therefrom to the superior court for the judicial district wherein such person resides, . . . ." The Fairfield Condemnation Board is not the local building official, and its order to the appellant was not a demolition order covered CT Page 8547 by these statutes. Moreover, if 29-405 allowed this appeal, it was not taken within ten days as provided in that statute. The courts do not have subject matter jurisdiction, over administrative appeals not taken within the statutory time limit. Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 6; Rogers v. Commission on Human Rights Opportunities, 195 Conn. 543, 550.
Finally, the plaintiff's reliance on 51-197b(a) of the General Statutes is misplaced. The relevant portion of that statute states that "all appeals which may be taken from administrative decisions of officers, boards, commissions or agencies of the state or any political subdivision thereof shall be taken to the superior court." This statute simply means that where administrative appeals are authorized by statute they must be taken to the Superior Court; it does not create a right of appeal from all decisions of administrative agencies.
Since there is no subject matter jurisdiction over this appeal, it is dismissed.
ROBERT A. FULLER, JUDGE