[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motions to dismiss (#102 and #106) are granted. The plaintiff filed an application for a fee waiver on the last day of the appeal period. General Statutes § 54-183(m) provides in relevant part: "The filing of the application for the waiver shall toll the time limits for the filing of an appeal until such time as a judgment on such application is rendered." The application was denied. The plaintiff did not seek appellate review of that decision; see General Statutes § 54-184, 51-197b; but filed a second fee waiver application. While that application was granted, the plaintiff waited more than one day before complying with General Statutes § 54-183(c).
"`The right to appeal from the the decision of an administrative agency" is not a matter of judicial grace or discretion but "exists only under statutory authority. This right may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'" Capozziello v. Board of Firearms Permit Examiners,14 Conn. App. 376, 380 (1988). "`It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is the function of the legislature.'" State v. Hansen, 210 Conn. 519, 529
(1989). "Statutes are to be applied as their words direct." River Dock Pile, Inc. v. O G Industries, Inc., 219 Conn. 787, 805 (1991). CT Page 4357
The appeal is dismissed.
BY THE COURT,
LEVIN, JUDGE