[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter the plaintiff, who had been employed as a constable for the town of Bolton, was dismissed from his job by the Board of Selectmen following a termination hearing. He thereafter filed a complaint in the nature of an administrative appeal in the Superior Court. Although he did not specify the statutory basis on which he relied, it is clear that the claimed jurisdictional basis is that of an administrative appeal. The summons denotes the type of case as "A-90" which is designated as an appeal from an administrative board, and there is no return date indicated.
The defendant has moved to dismiss this appeal on the grounds that the Bolton Board of Selectmen is not an agency as defined by Connecticut General Statutes § 4-166(1). Alternatively, the defendant argues that the plaintiff's failure to file an appeal brief as ordered in a briefing schedule is also a reason to dismiss the suit.
While the Court would not impose the harsh penalty of dismissing the suit because the brief was not timely filed (at least under the circumstances where a jurisdictional challenge is pending), it does agree with the defendant that the Board of Selectmen is not an agency under § 4-166(1) and orders the dismissal for that reason.
"Appeals to the Courts from administrative officers or boards exist only under statutory authority, and, unless a statute provides for them, Courts are without jurisdiction to entertain them." Danziger v. Demolition Board, 18 Conn. App. 40, 44 (1989) and cases cited therein. If a board is not a state agency, the Court does not have subject matter jurisdiction unless otherwise authorized by statute. Edwards v. Code Enforcement Committee,13 Conn. App. 1, (1987). Our Appellate Court has determined that a town board of selectmen is not an "agency" within the meaning of UAPA. Connecticut General Statutes § 4-166(1).[1] Maresca v.Town of Ridgefield, 35 Conn. App. 769 (1994).
Clearly, a town board of selectmen is not a state agency, nor was it acting as an agent of the state performing a state function in a principal-agent relationship. Connecticut AirService, Inc. v. Danbury Aviation Commission, 211 Conn. 690,696-697. See also McCarthy v. Town of Fairfield, 8 CSCR 1153, Judicial District of Fairfield at Bridgeport, Oct. 19, 1993 (Fuller, J.). CT Page 2092
The cases relied on by the plaintiff are inapposite. In those cases the defendants were either state agencies or acting as an agent of the state.
For the foregoing reasons, this Court concludes it does not have jurisdiction and grants the Motion to Dismiss.
The defendant, in its Motion to Dismiss, has requested a hearing pursuant to Connecticut General Statutes § 4-18a to determine whether an award of fees and expenses should be made.
The court clerk's office shall, therefore, schedule the requested hearing.
Klaczak, J.