[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Joseph W. Schultz appeals a decision of the defendant building board of appeals of the town of East Hartford which affirmed an order of the town's director of inspections and permits to demolish a building owned by the plaintiff. The court determines that it lacks jurisdiction over the appeal.
On June 20, 2001, Donald J. Vigneau, Director of Inspections and Permits of the town of East Hartford, ordered the plaintiff to demolish his building at 11 High Street within thirty days. The order further provided that the town would demolish the building if the plaintiff failed to comply with the order. The order cited section 7-5 of "Town ordinances" as authority for this action.
The plaintiff promptly filed an appeal of the order with the town's building board of appeals. See Conn. Gen. Stats. sec. 29-266 (a). The board convened a hearing by notice stating its authority under subsection (b) of that statute. Subsection (b) of section 29-266 provides for appeal to the board of any decision of a local building official relating to the interpretation or operation of the state building code, which the parties concede is not the basis of the building official's demolition order. Section 7.3(b) of East Hartford's Code of Ordinances, however, as quoted by the board in its brief to this court, provides "Any person aggrieved by the action of the Building Inspection Division of the Department of Inspection and Permits shall be entitled, upon due written request, to a hearing before the Building Board of Appeals . . . The Board shall confirm, modify or reverse the decision appealed from . . . Decisions of the Board shall be final."
The board's hearing on the plaintiff's appeal took place on June 25, CT Page 6666 2001 and July 25, 2001. On July 26, 2001, the board notified the plaintiff by mail that it had "voted to uphold the decision of the Building Official's order for demolition of the above referenced structure." The notice further stated that "Appeal of this order may be made to Superior Court within fifteen (15) days from the date of this notice in accordance with applicable law."
The plaintiff thereupon commenced this appeal by service on the defendant board on August 10, 2001, and filed it in this court on August 13, 2001.
Conn. Gen. Stats. sec. 8-8 governs appeals from local boards and commissions to the Superior Court. As relevant to this discussion, the statute provides as follows:
 (2) "Board" means a municipal zoning commission, planning commission, combined planning and zoning commission, zoning board of appeals or other board or commission the decision of which may be appealed pursuant to this section . . . (Emphasis added.)
 (b) . . . . any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required by the general statutes.
This statute does not confer jurisdiction on this court to hear appeals from decisions rendered by municipal administrative agencies other than those specified in section 8-8 (a)(2) or some other statute. "Appeals to courts from administrative officers or boards exist only under statutory authority, and, unless a statute provides for them, courts are without jurisdiction to entertain them." (Citations omitted.) Danziger v.Demolition Board, 18 Conn. App. 40, 44 (1989).
In Danziger, the defendant Demolition Board of the city of Stamford, after an inspection of the plaintiff's building, ordered it to be demolished pursuant to applicable town ordinances. An ordinance also provided that any property owner aggrieved by a decision of the demolition board could appeal the decision to this court. The Appellate Court held that a municipal ordinance, not being a statute, may not confer jurisdiction on the Superior Court to hear an appeal. The Appellate Court also held that Conn. Gen. Stats. sec. 29-266 (d) did not confer jurisdiction because the demolition board was not the Codes and Standards CT Page 6667 Committee. The court further held that the Uniform Administrative Procedure Act, Conn. Gen. Stats. sec. 4-183, did not apply because the demolition board is not a state agency. The Appellate Court concluded that because the appeal lacked any other specific statutory authority, the trial court had no jurisdiction to entertain the appeal.
In the present case, the only specific statutory authority for an appeal of a decision of the defendant building board of appeals is found in Conn. Gen. Stats. sec. 29-266 (d). As noted, however, such an appeal must first be taken to the Codes and Standards Committee. If the Committee affirms the board's decision, an aggrieved person may appeal the Committee's decision to the court. If that route is unavailable, however, as in this case, because of the subject matter of the appeal, there is no right of direct appeal to this court unless there is some other specific statutory authority. Counsel have suggested no other such authority, nor is the court aware of any. Plainly, the board's decision containing the advice to the plaintiff to file an appeal in this court was ineffective to confer jurisdiction on the court in the absence of an enabling statutory provision.
For all of the reasons set forth above, the court concludes it lacks subject matter jurisdiction in this case. This does not mean that the plaintiff is without any judicial remedy. As noted in Danziger, supra 46, the plaintiff may bring a plenary action for injunction perhaps or other relief.
The appeal is dismissed.
Maloney. J.