[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 2039
FACTS
The plaintiff Joseph A. Anastasio was a probationary police officer for the City of Bridgeport, Connecticut. The plaintiff's initial employment application was filed with the Civil Service Commission on June 1, 1990. The plaintiff completed a questionnaire for the Bridgeport Office of Internal Affairs on February 29, 1992. Subsequently, the plaintiff was selected as a police recruit and began the training phase of this program.
On February 4, 1994, the plaintiff was informed by the defendant, the Civil Service Commission, that a termination hearing regarding his probationary employment was to be held on March 24, 1994. The Civil Service Commission presented evidence at this termination hearing that the plaintiff had lied or made misleading statements on his application for employment with the Bridgeport Police Department. At this hearing, it was determined that the plaintiff was to be terminated. The plaintiff filed an appeal from the decision of the Civil Service Commission to the Superior Court for the Judicial District of New Haven at New Haven on May 27, 1994. The defendant filed an answer to the plaintiff's appeal on July 14, 1994.
A hearing on the matter was held on November 3, 1994.
ISSUE
Before reaching the merits of the plaintiff's claim that he was improperly discharged court must determine whether it has jurisdiction to hear this appeal. The court determines that it was without subject matter jurisdiction and accordingly the appeal is dismissed.
DISCUSSION
Although the plaintiff appeals to the court from the decision of the Commission on various grounds and the defendant has responded to the merits of the plaintiff's appeal in its memoranda, the court cannot address the merits of the plaintiff's appeal because the court lacks subject matter jurisdiction to entertain the appeal. The plaintiff appears to argue that the Superior Court has jurisdiction to entertain his appeal either because of the CT Page 2040 provisions of § 4-183a of the Connecticut General Statutes or because of the provisions of § 51-197(b) of the Connecticut General Statutes.
The plaintiff argues in his memorandum that the City of Bridgeport and the Civil Service Commission must follow the Uniform Administrative Procedure Act, General Statutes § 4-166, et. seq.
The court holds that the Administrative Procedure Act is not applicable to this appeal. Section 4-166(1) defines "agency" as:
 "each state board, commission, department or officer authorized by law to make regulations or to decide contested cases, but does not include either house or any committee of the General Assembly, the courts, the Counsel on Probate Judicial Conduct, the governor, lieutenant governor or attorney general or town or regional boards of education." [emphasis supplied].
In Bridgeport v. Agostinelli, 163 Conn. 537, 550 (1972), the court held "[a] town or city is a political subdivision of the state . . . it is not an agency of the state. . . ." In the present case the Civil Service Commission of the City of Bridgeport is not an "agency" as defined in General Statute § 4-166(1) and therefore, the Uniform Administrative Procedure Act is not applicable to the appeal and confers no jurisdiction on this court.
The plaintiff's second argument is that this court is granted jurisdiction by General Statute § 51-197(b) of the General Statutes. That section provides:
 ". . . except as provided in § 31-301b, all appeals that may be taken from administrative decisions of officers, boards, commissions or agencies of the state or any political subdivision thereof shall be taken to the Superior Court."
"Appeals to courts from administrative agencies exist only under statutory authority . . . a statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Raines v. Freedom ofInformation Commission, 221 Conn. 482, 489 (1992). Section51-197b(a) does not create a right of appeal but simply determines the CT Page 2041 forum for an appeal when the appeal is created by some other enabling authority. This conclusion is clearly stated in McCarthyv. Town of Fairfield, 8 CSCR 1153, 1155 (October 15, 1993) where Judge Fuller wrote:
 ". . . [t]his statute simply means that where administrative appeals are authorized by statute they must be taken to the Superior Court; it does not create a right of appeal from all decisions of administrative agencies."
Similarly this court held in Gonsalves v. City of West Haven,
CV93-0311276, Judicial District of New Haven (November 30, 1993, Booth, J.), affirmed 232 Conn. 17 (1995):
 ". . . [s]ection 51-197b merely provides the Superior Court as the forum having jurisdiction to hear appeals from the agencies of political subdivisions when the right to appeal otherwise exists. It does not create a right to appeal. In the absence of statutory authority for an appeal to the courts from administrative offices or boards, the courts are without jurisdiction to entertain such appeals."
Finally, the plaintiff argues in its reply brief of October 25, 1994 that the Civil Service Provisions of the Charter of the City of Bridgeport § 21 provides that "the decisions and findings of the Commission referred to in this section may be appealed to any judge of the Superior Court in the manner provided." The court notes that § 21 of the Bridgeport Charter is now § 223 of the Civil Service Provisions of the Charter and Rules of the Civil Service Commission. The court further notes that the Charter was not introduced into evidence and if in fact jurisdiction were conferred by the Charter the court would at least entertain the possibility that an additional hearing should be held to allow both sides to comment on the Charter Provisions. However, the court notes that § 223 of the Charter provides:
 "No person or employee holding a permanent
office or position in the classified service shall be removed, discharged or reduced, except for just cause which shall not be CT Page 2042 political or religious. . . . The decisions and findings of the Commission referred to in this section may be appealed from by the person adversely affected thereby to any judge of the Superior Court in the manner prescribed by § 238 of the Charter. . . ." [emphasis supplied].
Clearly, the right of appeal provided by the Bridgeport Charter pertains to permanent offices and positions and does not pertain to probationary periods which are governed by § 3 of rule 5 of the Bridgeport Charter which provides:
 "[n]o person serving as a probationary employee shall be laid off, suspended given leave of absence from duty, transferred or reduced in pay or grade except for reasons which will promote the good of the service, specified in writing, and after an opportunity to be heard by the Commission, and then only with its consent and approval." [emphasis supplied].
The Bridgeport Civil Service Commission has complied with the above quoted procedural rule. Nowhere in rule 5 is a right of appeal to the Superior Court extended to probationary employees.
Plaintiff also claims a constitutionally protected property interest which entitles him to a hearing. Plaintiff was given a hearing.
As a probationary employee the plaintiff has no constitutional right to appeal. As the District Court held in Hoffman v.McNamara, F. Supp. 1257, 1261 (D. Conn. 1986):
 "Plaintiff here was a probationary police officer. The job was subject to termination for `any reason' by the City. See, Contract of Employment, Article VIII, Section 2. Further, his employment was forfeitable unless he completed the basic training program provided by the Council at the academy. Conn. Gen. Stat. Sec. 7-294e. Like the nontenured college teacher in Roth and the probationary police office in Codd, plaintiff `had no Fourteenth Amendment property interest inCT Page 2043 continued employment, [and] the adequacy or even the existence of reasons for failing to rehire him presents no federal constitutional question.' [Codd v. Veglar,] 429 U.S. at 628, 97 S.Ct. at 884, See also Ratti v. Lopes,
Civil No. H-85-222 (TEC) (D. Conn., June 3, 1985); Nistri v. State of Connecticut, Civil No. H-82-292 (MJB) (D. Conn., Nov. 30, 1984); Martingano v. Hannon, Civil No. H-81-2 (JAC) (D. Conn., Oct. 29, 1983)."
Thus while the plaintiff here had the hearing rights granted to him by the Charter, as a probationary employee, like Codd and Roth, he had no greater rights, including no right to appeal to the Superior Court.
In summary it is the holding of the court that the plaintiff has no right to appeal under the provisions of the Administrative Procedure Act because the Civil Service Commission of the City of Bridgeport is not a state agency. The plaintiff has no right to appeal directly under § 51-197(b) because that section does not create a right of appeal but simply provides a forum when the right of appeal is otherwise created. The plaintiff has no right of appeal under the appeal provisions of the Bridgeport Charter because those appeal provisions are extended only to permanent employees and not to probationary employees. Finally the plaintiff has no constitutional right to appeal because he is a probationary employee without a protected property interest. Board of Regentsv. Roth, 408 U.S. 564, 569 (1972). It is conceded in the instant case that the plaintiff was a probationary employee.
For the above stated reasons the court finds that it is without subject matter jurisdiction to hear the appeal and the appeal of Joseph Anastasio from the action of the Civil Service Commission of the City of Bridgeport is dismissed.
Kevin E. Booth, Judge CT Page 2044