[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO DISMISS
This is an appeal by the plaintiffs Aristedes J. Johnson and Margaret A. Johnson from a decision of the defendant Planning 
Zoning Commission of the Town of Griswold ("commission") granting the application of the defendant Jewett City Water Company ("water company") for a special exception to construct a water filtration plant. The plaintiffs are abutting property owners. The water company moves to dismiss the appeal for lack of subject matter jurisdiction on the ground that the plaintiffs have failed to exhaust their administrative remedies. The commission also moves to dismiss the appeal and adopts the memorandum of law submitted by the water company.
The defendants argue that, under General Statutes §16-235, the commission had jurisdiction to consider only the location of the proposed water storage tank and that the plaintiffs are required to file their appeal of this issue with the Department of Public Utilities Control ("DUPC"). The defendants maintain that the commission's ruling on other facilities involved in the water filtration plant was a nullity and this court lacks jurisdiction to review it.
The plaintiffs argue that the court has jurisdiction under General Statutes § 51-197b. They contend that § 16-235 is inapplicable because the plaintiffs are appealing an issue of local concern, namely the commission's waiver of the A-2 survey filing requirement under the zoning regulations. CT Page 941
The plaintiffs' reliance on § 51-197b is misplaced. Section 51-197b(a) states that "all appeals that may be taken from administrative decisions of . . . agencies of the state or any political subdivision thereof shall be taken to the superior court." "Section 51-197b does not create a right to of appeal but simply determines the forum when the appeal is created by some other enabling authority." Anastasio v. Civil Service Commission,
Superior Court, judicial district of New Haven at New Haven, Docket No. 361462 (March 14, 1995, Booth, J.,14 Conn. L. Rptr. 150). "Appeals to courts from administrative agencies exist only under statutory authority." (Internal quotation marks omitted.)Office of Consumer Counsel v. Department of Public UtilityControl, 234 Conn. 624, 640 (1995). The plaintiffs cite no other statutory authority creating a right to appeal, such as General Statutes § 8-8.
The defendants assert that the right to appeal in this case is found in § 16-235, which states, in part:
 [N]o authority granted to any city or borough or a town planning, zoning . . . board, commission or committee. . . . shall be construed to apply to so much of the operations, plant, building, structures or equipment of any public service company as is under the jurisdiction of the department of public utility control . . . but zoning commissions . . . may within their respective municipalities, regulate and restrict the proposed location of any . . . water tank . . . Any local body mentioned in this section . . . may make all orders necessary to the exercise of such power, direction or control . . . Each such order shall be subject to the right of appeal within thirty days from the giving of such notice by any party aggrieved to the department of public utility control, which, after rehearing, upon notice to all parties in interest, shall as speedily as possible determine the matter in question and shall have jurisdiction to affirm or modify or revoke such orders or make any orders in substitution thereof.
The provisions of § 16-235 apply to any public service company. Algonquin Gas Transmission Co. v. Zoning Board ofAppeals, 162 Conn. 50, 54 (1971). The Jewett City Water Company is a public service company under General Statutes § 16-1
CT Page 942 (4), which states, in relevant part, that "`[p]ublic service company' includes . . . water . . . companies, owning, leasing, maintaining, operating, managing or controlling plants or parts of plants or equipment. . . ."
In Jennings v. Connecticut Light Power Co., 140 Conn. 650
(1954), the plaintiffs, property owners and property associations, brought a declaratory judgment action determining the constitutionality of a predecessor statute to § 16-235. The defendant had purchased property on Manresa Island in Norwalk for the purpose of erecting a steam plant and had petitioned the Norwalk zoning commission for an order regulating the location of the plant pursuant to the predecessor statute to § 16-235. The commission entered an order approving the location and imposing regulations on the plant's construction and operation.
The plaintiffs claimed that the commission violated the zoning regulations and that the commission lacked the power to make any order respecting the location of the plant. They argued that "in operating under [§ 16-235] a zoning commission is acting only under the authority of the zoning laws and is administering only those laws." Id., 666.
The court acknowledged the legislative problem of "how to accommodate the local power of zoning, administered through local agencies of government, to the statewide power of public utility regulation exercised by a state agency." Id., 665. The court found a "legislative intent to deal with the matter as one of public utility regulation rather than zoning" and rejected the plaintiffs' argument. Id., 666.
With respect to appeal rights under § 16-235, the court noted that the statute provides that orders are subject to the right of appeal by any aggrieved party to the public utilities commission. The right of appeal "includes not only an appeal from the local authorities mentioned in the first part of the statute but also from zoning authorities and commissions." Id., 667. "That this is so is readily apparent" from the legislative history of the statute." Id., 667-68. According to the court:
 The plain intendment of the legislature is that a public utility company . . . if it desires to erect a steam plant in a city or town where there are a zoning commission and zoning regulations, shall apply to the zoning commission . . . for CT Page 943 permission to locate its plant at the place proposed. The zoning commission acts as a special agency of the state. In that capacity, it exercises its zoning powers in the manner prescribed in . . . [ § 16-235] and subject to an appeal to the public utilities commission.
Id., 668-69.
The plaintiffs in the present case claim that the commission's waiver of the A-2 survey is an issue of "local concern" and therefore they are not required to appeal to the DPUC. They rely on the Jennings court's statement that "local authority must give way to statewide authority when the matter involved is more than one of purely local concern." Id., 664. With respect to the steam plant at issue in Jennings, the court stated that "[t]he erection of a steam electric generating plant to meet a demand for electric energy far beyond the confines of Norwalk is, however, not solely a matter of local concern." Id., 663. In the present case, construction of the water filtration plant was mandated by the state to respond to increased regional water demand. Thus, it does not appear to be a matter of purely local concern as that issue was analyzed in Jennings.
The plaintiffs claim that, unlike the plaintiffs in Jennings,
they are not contesting the erection of the water plant. This distinction is irrelevant. The plaintiffs are appealing the granting of the water company's application. According toJennings, the zoning commission acts as a special agency of the state and exercises its powers subject to an appeal to the DPUC.
The fact that the plaintiffs' appeal must be taken to the DPUC is implicit in the other decisions. In Edwards v. BridgeportHydraulic Co., 152 Conn. 684 (1965), the defendant filed an application with the Trumbull planning and zoning commission for a permit to erect a water tank. The court noted that under §16-235, the defendant could not erect the tank without a permit from the local commission, except that on appeal the public utilities commission could overrule the local commission's action. When the commission granted the application, a neighboring property owner appealed to the DPUC. In the present action, the plaintiffs are in the same position as the neighboring property owner in Edwards, who filed his appeal with the DPUC. CT Page 944
In Gimbel v. Loughlin, 28 Conn. Sup. 72 (1968), four residents of the town of Woodbridge appealed from an order of the DPUC approving an application by the United Illuminating Company for permission to construct a transmission line from the site of a new substation to a connection with an existing line. The court noted that while the site of the substation was approved by the town's zoning commission pursuant to § 16-235, no appeal was taken from that decision to the DPUC as permitted by the statute. Id., 74.
In City of Stamford v. Department of Public Utility Control,
Superior Court, judicial district of Hartford, Docket No. 532986 (May 11, 1995, Holzberg, J., 14 Conn. L. Rptr. 338), the plaintiffs appealed from a decision of the defendant, which reversed a decision of the Stamford zoning board denying the application of the Stamford Water Company to site a water tank. In City of Stamford, the plaintiffs, some of whom were abutting property owners, first appealed to the DPUC.
The plaintiffs have failed to identify a statutory right to appeal and were required to appeal the decision of the commission to the DPUC under § 16-235.
For the reasons stated above, the defendants' motions to dismiss are granted.
Hendel, J.