SSM ASSOCIATES LIMITED PARTNERSHIP ET AL. *v.*
PLAN AND ZONING COMMISSION OF THE TOWN OF
FAIRFIELD ET AL.
(13518)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued April 4—decision released May 30, 1989

*Roy H. Ervin,* town attorney, with whom was *Roy H. Ervin, Jr.,* for the appellants (defendants).

*James R. Fogarty,* for the appellees (plaintiffs).

PETERS, C. J. The dispositive issue in this appeal is the applicability of General Statutes §§ 8-3 (g)[1] and 8-7d (b),[2] providing for automatic approval of site plan applications, to the submission of a site plan that is inseparable from an application for a special permit. The plaintiffs, SSM Associates Limited Partnership and Herbert H. Moorin, trustee, brought an action in mandamus to compel the defendants, the plan and zoning commission of the town of Fairfield (commission), its zoning enforcement officer and its planning and zoning director, to issue them a certificate of zoning compliance to enable them to construct an office building. The trial court adjudged that a writ of mandamus should issue, and the Appellate Court affirmed that judgment. *SSM Associates Limited Partnership* v. *Plan & Zoning Commission*, 15 Conn. App. 561, 545 A.2d 602 (1988). We granted the defendants' petition for certification; *SSM Associates Limited Partnership* v. *Plan & Zoning Commission*, 209 Conn. 812, 550 A.2d 1084 (1988); and now affirm.

The following facts were stipulated. The plaintiff SSM Associates Limited Partnership entered into a

[1] General Statutes § 8-3 (g) provides in relevant part: "The zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. . . . Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d. A certificate of approval of any plan for which the period for approval has expired and on which no action has been taken shall be sent to the applicant within fifteen days of the date on which the period for approval has expired."

[2] General Statutes § 8-7d (b) provides: "Whenever the approval of a site plan is the only requirement to be met or remaining to be met under the zoning regulations for a proposed building, use or structure, a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt of such site plan. The applicant may consent to one or more extensions of such period, provided the total period of any such extension or extensions shall not exceed two further sixty-five-day periods, or may withdraw such plan."

contract with the plaintiff Herbert H. Moorin to acquire some 4.25 acres of land located in a Designed Research District in Fairfield. On March 11, 1986, the plaintiffs filed with the defendant commission a complete application for the approval of the construction of an office building on this property, a permitted use in the Designed Research District. The site plan submitted in this application was inseparable from the special permit which, under the applicable Fairfield regulations, the plaintiffs had to secure from the commission in order to go forward with the proposed use of the property. *SSM Associates Limited Partnership* v. *Plan & Zoning Commission,* supra, 15 Conn. App. 562–63.

The first regular meeting of the commission following receipt of the plaintiffs' application was held on March 25, 1986. The commission did not act on the application within sixty-five days of March 25, 1986, other than to schedule a public hearing on the plaintiffs' application for June 10, 1986. The Fairfield zoning regulations do not require such a public hearing. On June 17, 1986, the commission purported to deny the plaintiffs' application. The plaintiffs never consented to an extension of the relevant statutory time limitations contained in § 8-7d. Id., 563.

On June 19, 1986, the plaintiffs requested a certificate of zoning compliance because of the commission's failure to act within sixty-five days of March 25, 1986. Failing to receive a response from the defendants, they brought an action for mandamus to compel the issuance of such a certificate. Id., 563–64. The defendants' answer to this complaint, filed after the parties' stipulation of facts, admitted the allegations stated in paragraph four of the plaintiffs' complaint, to wit that, on March 11, 1986, the plaintiffs had filed with the commission "an application for approval of a site plan permitting the construction of an office building on the

subject property pursuant to §§ 25 and 24 of the Fairfield Zoning Regulations."

The trial court rendered judgment for the plaintiffs. Examining the parties' stipulation and pleadings, and the Fairfield zoning regulations, the court found that the plaintiffs' site plan was inseparable from and part and parcel of their special permit application. In light of *Carr* v. *Woolwich,* 7 Conn. App. 684, 510 A.2d 1358, cert. denied, 201 Conn. 804, 513 A.2d 698 (1986), the court then held that the commission's failure to act on the plaintiffs' site plan, when no public hearing was required, triggered the automatic approval provisions of §§ 8-3 (g) and 8-7d (b) and entitled the plaintiffs to a writ of mandamus.

The Appellate Court affirmed. In *Carr* v. *Woolwich,* supra, the court had noted a statutory inconsistency in the use of the term "site plan" between the first and third sentences of General Statutes (Rev. to 1985) § 8-3 (g). "The first sentence connotes that the site plan is but a part of the application approval process, namely, as an aid in determining whether a proposed use conforms to the regulations. The third sentence contemplates automatic approval of a site plan by the passage of time, as if approval of the site plan carries with it approval of the entire application with respect to which, under the first sentence, the site plan is simply an aid to determine the conformity of the proposed use with the regulations." Id., 699–700. In the present case, the Appellate Court resolved this conundrum by defining the term "site plan," as used in § 8-3 (g), to include the entire package of documents submitted to a zoning commission to aid in its determination of the conformity of the proposed building to the applicable zoning regulations. *SSM Associates Limited Partnership* v. *Plan & Zoning Commission,* supra, 15 Conn. App. 566. Applying this test to the stipulated facts, the Appellate Court concluded that the plaintiffs' applica-

tion for a special permit, which purported to include all the information required by the Fairfield zoning regulations for a decision on the application, was approved by the lapse of time. Id., 568.

We granted the defendants' petition for certification on two issues: "(1) Did the Appellate Court err in concluding that automatic approval of a site plan by lapse of sixty-five days after its submission pursuant to General Statutes § 8-7d (b) also resulted in automatic approval of the special permit zoning application, which had included the site plan as a supporting document pursuant to the zoning regulations?" and "(2) When a site plan is submitted with an application for a special zoning permit, does the sixty-five day time limit of General Statutes § 8-7d (b) for a decision thereon supersede the time limits set forth in General Statutes § 8-7d (a) for a decision on the application?" On the present record, we find no error with respect to the first issue, and need not determine the second issue. We therefore affirm the judgment of the Appellate Court.

This court last discussed the relationship between §§ 8-3 (g) and 8-7d (b) in *Vartuli* v. *Sotire,* 192 Conn. 353, 472 A.2d 336 (1984). Under § 8-3 (g), "[a]pproval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d." Under § 8-7d (b), "[w]henever the approval of a site plan is the only requirement . . . remaining to be met . . . for a proposed building, use or structure, a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt of such site plan." We concluded that these sections imposed a mandatory time frame of sixty-five days on local site plan approvals. Id., 359–62; see also *Carr* v. *Woolwich,* supra, 694–95. The defendants maintain that these time constraints do not govern the present litigation because the plaintiffs were seeking

approval for a special permit and not for a site plan. Although a site plan is a component of a Fairfield special permit application, they contend that this case falls within the prefatory language of § 8-3 (g), which permits local zoning regulations to require a site plan to be filed "to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations." Because Fairfield's zoning regulations thus accord with the authority that § 8-3 (g) has conferred upon local government, the defendants claim that the Appellate Court improperly invoked automatic site plan approval when other requirements of the Fairfield zoning regulations remained to be met.

The difficulty with these contentions is that they lack the requisite factual predicate. By stipulation before trial, the defendants agreed that, in this case, the application for a special permit "includes submission of a site plan which is inseparable from the requirement that the Plaintiffs secure a special permit." As a result of this stipulation, the defendants have no factual basis for mounting a theoretical distinction between a special permit and a site plan.[3] Indeed, as the plaintiffs remind us, the defendants in effect conceded the absence of such a factual distinction in their pleadings at trial. Their answer admitted paragraph four of the plaintiffs' complaint, which states: "On March 11, 1986, the Plaintiffs filed with the Defendant Town Plan & Zoning Commission an application for approval of a *site plan permitting the construction* of an office building on the subject property pursuant to §§ 25 and 24 of the

---

[3] Plainly, municipal regulations cannot bypass the mandatory provisions of General Statutes §§ 8-3 (g) and 8-7d (b) simply by denominating an application for site plan approval as an application for a special permit. If there are genuine factual determinations to be made about the true characterization of an application for zoning commission approval, the parties must obtain appropriate findings of fact from the trial court.

Fairfield Zoning Regulations."[4] (Emphasis added.) The plaintiffs have never filed, and were never asked to file, a separate application for a special permit.[5] In these circumstances, the Appellate Court correctly concluded that the commission's failure to act within sixty-five days on the plaintiffs' application, whether it be denominated a special permit or a site plan application, triggered its automatic approval in accordance with §§ 8-3 (g) and 8-7d (b).

The present record equally lacks any factual basis for exploring the defendants' alternate contention, that the Appellate Court erred in concluding that the time constraints imposed by § 8-7d (b) superseded those imposed by § 8-7d (a). For "all matters wherein a formal petition, application, request or appeal must be submitted to a zoning commission . . . and a hearing is required on such petition, application, request or appeal," § 8-7d (a) establishes its own time constraints for the holding of hearings and the rendering of decisions.[6]

---

[4] Fairfield Zoning Regulations § 24.1 provides in relevant part: "General. The excavation, movement, alteration, or filling of any earth, loam, topsoil, clay or stone affecting any premises located in any zoning districts of the Town shall require a special permit in accordance with the provisions of this regulation."

Fairfield Zoning Regulations § 25.1 provides, in relevant part: "General. The Town Plan and Zoning Commission may grant a special permit for the establishment of a special permit use in . . . Designed Research Districts in accordance with the procedures, standards and conditions hereinafter specified. All requirements of this section are in addition to other requirements applicable in the district in which the special permit is to be issued."

[5] The plaintiffs suggest that the Fairfield zoning regulations require special permits for applications that would be handled differently in other Connecticut municipalities. Even for permitted uses, Fairfield builders must obtain a special permit for any commercial construction or reconstruction in a Designed Research District unless the use is one that was in existence prior to the creation of the zone. Fairfield Zoning Regs. §§ 22.2, 22.3.

[6] "[General Statutes] Sec. 8-7d. HEARINGS AND DECISIONS. TIME LIMITS. DAY OF RECEIPT. (a) Except as provided in subsection (b) of this section, in all matters wherein a formal petition, application, request or appeal must be submitted to a zoning commission, planning and zoning commission or zoning board of appeals under this chapter and a hearing is required on

These time constraints, with which the defendant commission concededly did not comply, differ from those contained in § 8-7d (b). We need not, however, assess the significance of § 8-7d (a)'s time constraints in this case. The defendants stipulated that, although the commission held a public hearing to consider the plaintiffs' application, such a hearing "was not specifically required by the Fairfield Zoning Regulations (Section 25.3)." In the absence of a regulation whereby "a hearing is required," the time constraints of § 8-7d (a) were therefore inapplicable. Since this court does not render advisory opinions; *Motor Vehicle Manufacturers Assn. of the United States, Inc.* v. *O'Neill,* 203 Conn. 63, 75–76, 523 A.2d 486 (1987); we must defer consideration of the relationship between subsections (a) and (b) of § 8-7d to another day. Our certification of this issue was therefore improvident and we decline to consider it further at this time.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

such petition, application, request or appeal, such hearing shall commence within sixty-five days after receipt of such petition, application, request or appeal and shall be completed within thirty days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. The petitioner or applicant may consent to one or more extensions of any period specified in this subsection, provided the total extension of any such period shall not be for longer than the original period as specified in this subsection, or may withdraw such petition, application, request or appeal."