OCTOBER TWENTY-FOUR, INC. *v.* PLANNING AND
ZONING COMMISSION OF THE TOWN OF
PLAINVILLE ET AL.
(12655)

DUPONT, C. J., and FOTI and LANDAU, Js.

Argued April 25—decision released August 23, 1994

*Peter J. Zagorsky,* for the appellant (plaintiff).

*Thomas P. Byrne,* with whom, on the brief, was
*Steven E. Byrne,* for the appellee (named defendant).

*Kenneth R. Slater, Jr.,* with whom was *Stephen J.
Anderson,* for the appellee (defendant Tomasso
Brothers, Inc.).

FOTI, J. The plaintiff appeals from the judgment rendered in favor of the defendants, the planning and zoning commission of the town of Plainville (commission) and Tomasso Brothers, Inc. (Tomasso). Tomasso filed an application with the commission for site plan approval of an office park. The commission granted the site plan application and the plaintiff, October Twenty-Four, Inc., appealed to the Superior Court. Tomasso moved to dismiss the appeal, and the Superior Court granted the motion. On appeal, the plaintiff claims that the trial court improperly (1) decided that General Statutes § 8-7d (b), rather than General Statutes § 8-7d (a), governed the commission's consideration of Tomasso's site plan application, (2) failed to find waiver or estoppel on the part of Tomasso, and (3) failed to consider the constitutionality of General Statutes § 8-7d. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. On December 26, 1991, Tomasso filed an application with the commission for site plan approval of an office park in the technical park zone of Plainville. The application was officially received by the commission at its next regularly scheduled meeting on January 14, 1992. On February 11, 1992, the commission voted to hold a public hearing on Tomasso's site plan application. The hearing began on February 25, 1992, and was continued to March 10 and 24, 1992. The commission approved the site plan on May 12, 1992. Notice of the approval was published in a newspaper.

The plaintiff, which owns property adjacent to Tomasso's property, appealed from the commission's decision to the Superior Court. Tomasso moved to dismiss the appeal on the ground that its site plan was approved by operation of law on March 20, 1992. It argued that, because the commission failed to act within sixty-five days of the receipt of the application, the plaintiff's appeal was rendered untimely and moot. The

trial judge initially denied Tomasso's motion to dismiss and deferred ruling on the issue of automatic approval. The plaintiff's appeal was reviewed at a hearing on April 29, 1993, and the trial court granted Tomasso's motion to dismiss pursuant to General Statutes § 8-8 (j).[1] The court ruled that (1) the commission had violated the sixty-five day time for decision imposed by General Statutes § 8-7d (b), resulting in the automatic approval of Tomasso's application on March 20, 1992, and (2) there was no evidence in the record to support a finding of waiver or estoppel by Tomasso. The plaintiff now appeals that judgment of dismissal.

I

The first issue raised by the plaintiff is whether subsection (a) or (b) of General Statutes § 8-7d governs the time constraints for decision on a site plan application where no public hearing is required but the commission decides to hold a discretionary hearing. Both this court and our Supreme Court have held that § 8-7d (b) governs the time constraints for decisions on site plan applications where no public hearing is required. *SSM Associates Ltd. Partnership* v. *Plan & Zoning Commission,* 211 Conn. 331, 559 A.2d 196 (1989); *Carr* v. *Woolwich,* 7 Conn. App. 684, 510 A.2d 1358, cert. denied, 201 Conn. 804, 513 A.2d 698 (1986), overruled on other grounds, 225 Conn. 432, 632 A.2d 1007 (1993); see footnote 2.

General Statutes § 8-7d, generally, sets mandatory time limits on the review of site plan applications. Section 8-7d (a) sets the time constraints for the render-

---

[1] General Statutes § 8-8 (j) provides: "Any defendant may, at any time after the return date of the appeal, make a motion to dismiss the appeal. If the basis of the motion is a claim that the appellant lacks standing to appeal, the appellant shall have the burden of proving his standing. The court may, on the record, grant or deny the motion. The court's order on the motion may be appealed in the manner provided in subsection (o) of this section."

ing of decisions on zoning applications in which a public hearing is required.[2] Section 8-7d (b) provides that "[w]henever the approval of a site plan is the only requirement to be met or remaining to be met under the zoning regulations for a proposed building, use or structure, a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt of such site plan." Local zoning regulations determine if a public hearing is required for review of a particular application. If no public hearing is required, the time constraints of subsection (b), rather than those of subsection (a), control. *Carr* v. *Woolwich,* supra, 7 Conn. App. 699.

In this case, the property that is the subject of Tomasso's site plan application is located in a technical park zone. The Plainville zoning regulations do not mandate public hearings for site plan applications in a technical park zone. The zoning regulations provide in relevant part: "All buildings and uses of land within a technical park zone shall be subject to the site plan provisions and guides to the Commission of Article 6. The Commission may hold a public hearing on the proposed site plan . . . if, in its judgment, the nature of the site plan is such that the public should have an opportunity to be heard." Plainville Zoning Regulations § 551. Since no public hearing was required under the Plainville zoning regulations, General Statutes § 8-7d (b) governs the time constraints for decision by the commission on Tomasso's site plan application.

[2] General Statutes § 8-7d (a) provides in pertinent part: "Except as provided in subsection (b) of this section, in all matters wherein a formal petition, application, request or appeal must be submitted to a zoning commission, planning and zoning commission or zoning board of appeals under this chapter and a hearing is required on such petition . . . such hearing shall commence within sixty-five days after receipt of such petition . . . and shall be completed within thirty days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. . . ."

The plaintiff relies on the fact that although the Plainville zoning regulations do not mandate public hearings for site plan applications in a technical park zone, the commission has the authority, under § 551 of the regulations, to hold a public hearing if it deems necessary. The commission did hold such a hearing on Tomasso's site plan application, and the plaintiff argues that once the commission voted to hold this hearing it was, in effect, required. Since it was required, the plaintiff argues that the applicable statute would be § 8-7d (a). Because the commission acted within the time constraints required by § 8-7d (a), there could be no automatic approval of Tomasso's application. We are not persuaded by this argument.

According to the plain language of § 8-7d (a), it applies only to situations where a public hearing "is required." The statute makes no reference to situations where public hearings are not required but are held at the discretion of the zoning commission. "We are constrained to read a statute as written . . . and we may not read into clearly expressed legislation provisions which do not find expression in its words. . . ." (Citations omitted; internal quotation marks omitted.) *Ghent v. Planning Commission,* 219 Conn. 511, 515, 594 A.2d 5 (1991). Under the Plainville zoning regulations, no public hearing was required for review of Tomasso's site plan application. The fact that the commission decided to hold a discretionary hearing did not transform a permissive regulation into a mandatory one.

Because no public hearing was required, the time constraints of General Statutes § 8-7d (b), and not § 8-7d (a), applied to the commission's actions. The trial court correctly ruled that the commission was required to render a decision on the application within sixty-five days of its receipt on January 14, 1992. The deadline for rendering a decision was March 20, 1992. A decision was not rendered until May 12, 1992. General Stat-

utes § 8-3 (g) provides in relevant part: "Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in § 8-7d." The commission's failure to act within sixty-five days of receipt triggered automatic approval of Tomasso's application in accordance with this statute.

This conclusion is supported by the holdings of *SSM Associates Ltd. Partnership* v. *Plan & Zoning Commission,* supra, 211 Conn. 331, and *Carr* v. *Woolwich,* supra, 7 Conn. App. 684. In *SSM Associates,* our Supreme Court held that a site plan application reviewed by the Fairfield plan and zoning commission had been approved by operation of law when the commission failed to render a decision on the application within sixty-five days of its receipt as required by General Statutes § 8-7d (b). The fact that the commission had decided to hold a discretionary public hearing did not alter the conclusion of the court. The court held: "The defendants stipulated that, although the commission held a public hearing to consider the plaintiff's application, such a hearing 'was not specifically required by the Fairfield Zoning Regulation.' In the absence of a regulation whereby 'a hearing is required,' the time constraints of § 8-7d (a) were therefore inapplicable." *SSM Associates Ltd. Partnership* v. *Plan & Zoning Commission,* supra, 338.

The plaintiff attempts to distinguish *SSM Associates* on the basis that the commission in that case failed even to schedule a hearing within the required sixty-five days. By contrast, the commission in this case did hold the first hearing within sixty-five days of receipt of the application. We agree with the defendants that this distinction is irrelevant. The determinative issue in evaluating whether subsection (a) or (b) applies is whether the local zoning regulations require a public hearing before approval of an application. *Carr* v. *Woolwich,* supra, 7 Conn. App. 699. The time at which a commis-

sion decides to hold a discretionary hearing is of no consequence in calculating the time for decision under § 8-7d (b). Automatic approval will occur if a decision is not rendered within sixty-five days of receipt of the application.[3]

The plaintiff also points to General Statutes § 8-7d (b) which provides that the subsection applies only when "the approval of a site plan is the only requirement to be met or remaining to be met under the zoning regulations . . ." The plaintiff argues that Tomasso had the burden of proving this factual predicate, and that Tomasso failed to do so. The plaintiff further alleges that there were other requirements necessary to the completion of the zoning approval process and that the trial court improperly failed to afford it an evidentiary hearing regarding this claim.

General Statutes § 8-8 (k) prescribes trial court procedures on appeals from decisions of municipal zoning boards. Section 8-8 (k) provides for the introduction of additional evidence "if (1) the record does not contain a complete transcript of the entire proceedings before the board . . . or (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal." In this case, the entire record developed by the commission was available for the trial court's review. Whether there were any additional require-

---

[3] The plaintiff also attempts to distinguish *Carr* v. *Woolwich,* supra, 7 Conn. App. 684, by pointing to a recent Supreme Court decision, *Leo Fedus & Sons Construction Co.* v. *Zoning Board of Appeals,* 225 Conn. 432, 623 A.2d 1007 (1993). The plaintiff argues that *Fedus* confines *Carr* to its facts, but the plaintiff's argument is unpersuasive. *Carr* resulted in two rulings regarding the construction of § 8-7d. It held (1) that the automatic approval doctrine applies even in situations where it is not expressly provided for in the General Statutes, and (2) that the applicability of subsection (a) or (b) is established by reviewing the zoning regulations to determine if a public hearing is required for review of the application. *Fedus* addresses the first ruling in *Carr* but leaves the second ruling, which is relevant here, undisturbed.

ments prior to the approval of Tomasso's project could have been determined from a review of that record. On the basis of the trial court transcript, we can assume that the trial judge found this factual predicate to have been met. This court is entitled to presume that the trial court properly considered all of the evidence that was before it. *Chomko* v. *Patmon,* 19 Conn. App. 483, 488–89, 563 A.2d 311, cert. denied, 212 Conn. 819, 565 A.2d 539 (1989). Notably, both Tomasso and the commission have indicated that the record shows no additional requirements, other than site plan approval, that had to be met by Tomasso.

We conclude that General Statutes § 8-7d (b) governs the time for decision on a site plan application where no public hearing is required. The trial court correctly ruled that Tomasso's site plan application was approved by operation of law on March 20, 1992.

II

The plaintiff next argues that the trial court improperly failed to find waiver or estoppel where Tomasso continued to attend public hearings after automatic approval of the site plan application.

The plaintiff argues that Tomasso's attendance at meetings and participation in the site plan process after the application was approved by operation of law constituted waiver of the automatic approval. The plaintiff also argues that, because of such conduct, Tomasso should be estopped from claiming automatic approval.

The trial court concluded that Tomasso's presence at the commission's meetings after the date of automatic approval did not constitute waiver. Waiver is the "intentional relinquishment of a known right." *Dragan* v. *Connecticut Medical Examining Board,* 223 Conn. 618, 629, 613 A.2d 739 (1992). Examples of actions that have been deemed to result in a waiver

of the right to automatic approval generally include cases where the applicant either expressly granted extensions of time or voluntarily withdrew its application. These applicants could not later claim that their applications had been approved by operation of law.[4]

The trial court found as a fact that Tomasso never consented to an extension of time, nor did it intentionally relinquish its right to automatic approval simply by attending meetings. The court noted that there is no requirement that an applicant approach the zoning commission on the day following automatic approval and demand that its application be approved. It was reasonable for Tomasso to await the commission's decision rather than to risk alienating the commission and being subjected to the strict judicial standards applicable to mandamus actions. The failure to adhere to the time constraints was due solely to the actions of the commission.

This court "will confirm the conclusion of the trier of fact if it is reasonably supported by the evidence and the logical inferences drawn therefrom." *State* v. *Lo Sacco,* 12 Conn. App. 481, 483–84, 531 A.2d 184, cert. denied, 205 Conn. 814, 533 A.2d 568 (1987). The trier of fact in this case was the judge. In the absence of a conclusion that a finding is clearly erroneous, we are bound by the court's findings. Practice Book § 4061. The trial court's determination on the evidence before it was not clearly erroneous. The facts do not reveal any conduct by Tomasso that could be construed as a waiver of its right to automatic approval.

---

[4] Examples include *Frito-Lay, Inc.* v. *Planning & Zoning Commission,* 206 Conn. 554, 538 A.2d 1039 (1988), holding that the applicant, having requested that the commission postpone the date of its decision, waived its right to challenge the commission's alleged failure to adhere to the statutory time limits governing zoning commission decisions, and *M & L Homes, Inc.* v. *Zoning & Planning Commission,* 187 Conn. 232, 445 A.2d 591 (1982), holding that an applicant that voluntarily withdrew its application could not later claim that it had been approved by operation of law.

### III

Finally, the plaintiff claims that the automatic approval imposed by General Statutes § 8-7d (b) is unconstitutional because it does not expressly provide a right to appeal, as is provided for in automatic approvals of subdivision applications under General Statutes § 8-26 and § 8-8 (c).[5] The plaintiff asserts that this statutory defect deprives it of due process and equal protection under the state and federal constitutions.

Zoning powers and the judicial review of the exercise of those powers are derived from legislative enactment. *Upjohn Co.* v. *Zoning Board of Appeals,* 224 Conn. 96, 100, 616 A.2d 793 (1992). Our Supreme Court has held that "[a]ppeals to courts from administrative agencies exist only under statutory authority." (Internal quotation marks omitted.) *Circle Lanes of Fairfield, Inc.* v. *Fay,* 195 Conn. 534, 542, 489 A.2d 363 (1985). "Appeals to the courts from the actions of planning and zoning commissions exist only under statutory authority and unless a statute provides for such appeals courts are without jurisdiction to entertain them." *Schwartz* v. *Hamden,* 168 Conn. 8, 10, 357 A.2d 488 (1975). To the extent that the plaintiff suggests the existence of an inherent constitutional right to appeal adverse administrative rulings, it is unsupported by the existing case law.

To be constitutional, a statute authorizing municipal administrative boards to make decisions need not provide for appeals. *State* v. *Vachon,* 140 Conn. 478, 485, 101 A.2d 509 (1953); *Diaz* v. *Board of Directors,* 2

---

[5] General Statutes § 8-8 (c) provides: "In those situations where the approval of a planning commission must be inferred because of the failure of the commission to act on an application, any aggrieved person may appeal under this section. The appeal shall be taken within twenty days after the expiration of the period prescribed in section 8-26d for action by the commission." General Statutes § 8-26d deals with subdivision plans.

Conn. App. 43, 48, 476 A.2d 146 (1984). The absence of an express appeal provision does not foreclose other forms of judicial relief where appropriate. If any person claims to be harmed by an order of an administrative board, his constitutional right to due process is protected by his privilege to apply to a court for relief. For example, a person claiming to be harmed could seek a plenary action for relief. This means that the aggrieved person may bring a plenary action, rather than an administrative appeal, against the appropriate officials or municipality in order to obtain judicial review of their actions. *Danziger* v. *Demolition Board,* 18 Conn. App. 40, 46, 556 A.2d 625 (1989).

We cannot conclude that General Statutes § 8-7d (b) is unconstitutional because it does not expressly provide for a right of appeal from automatic approval of site plan applications.

The judgment is affirmed.

In this opinion the other judges concurred.