[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF THE CASE
The plaintiffs, Victor and Anita Scaringe, Marie Merkin and Rose Oppelt[1], appeal the possibility that this court will order the inferred approval by the defendant, Planning Commission of the City of Meriden (Commission), of a site plan application of the defendant, Summitwood Associates Phase IV (Summitwood). Also named as a defendant is Meadow Haven, Inc. (Meadow Haven), the owner of the property at issue.
The Commission acted pursuant to General Statutes §8-3(g) and the Meriden Zoning Regulations. The plaintiffs appeal pursuant to General Statutes § 8-8(c).
BACKGROUND
CT Page 4698
In November 1994, Summitwood filed a site plan application with the Commission to construct a thirty-six unit townhouse development on a parcel of land located in Meriden and owned by Meadow Haven.[2] The site plan application proposed excavation of over 700,000 cubic yards of trap rock from the subject property. On February 17, 1995, the Commission held a special meeting wherein a motion was made to deny the application. Commissioners Arthur Geary and Enrico Bucilli voted in favor of the motion to deny the application. Commissioner Roger DeZinno voted against the motion. Notice of the denial of the application was sent to Summitwood and published in the newspaper as required by General Statutes § 8-28.[3]
Thereafter, on February 22, 1995, Summitwood's attorney wrote a letter to the Commission setting forth Summitwood's claim that Commissioner Bucilli was not authorized to vote and requesting that the Commission issue an inferred approval of the site plan pursuant to General Statutes § 8-3(g).[4] The Commission refused to issue an inferred approval.[5]
On March 16, 1995, the plaintiffs, owners of property which abuts or is in close proximity to the proposed excavation, filed the present appeal under General Statutes § 8-8(c), "in the event that an inferred approval has occurred as claimed by [Summitwood]."[6] (Appeal, March 16, 1995, para. 25).
The plaintiffs filed an amended pretrial brief on September 5, 1995. The defendant, Summitwood, filed a brief on October 19, 1995.
JURISDICTION
General Statutes § 8-8 governs appeals taken from a decision of a planning commission to the Superior Court. In order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377,538 A.2d 202, cert. denied, 489 U.S. 1069, 109 S.Ct. 1349 (1988). The statutory provisions are mandatory and jurisdictional in nature, and failure to comply will result in dismissal of an appeal. Id., 377.
Summitwood moves to dismiss the appeal on the ground that there is no statutory right to appeal an inferred approval of a site plan.[7] The plaintiffs argue that they have a right to CT Page 4699 appeal because they are both statutorily and classically aggrieved.
The plaintiffs appeal the inferred approval of the site plan application under § 8-8(c), which states that" [i]n those situations where the approval of a planning commission must be inferred because of the failure of the commission to act on an application, any aggrieved person may appeal under this section. The appeal shall be taken within twenty days after the expiration of the period prescribed in section 8-26d for action by the commission."
Summitwood maintains that the appeal right conferred in §8-8(c) is limited to the right to appeal inferred approval of subdivision applications under § 8-26, where a planning commission fails to act within the time limits set in §8-26d.[8] In support of its position, Summitwood points out that in 1989, Public Act No. 89-356 transferred the right to appeal the approval of subdivision plans from § 8-28(a) to §8-8(c). Moreover, Summitwood maintains that there is no right to appeal an inferred approval of a site plan by a zoning commission, where the commission fails to modify or deny a site plan under §8-3(g), within the time limits set in § 8-7d.
In their pre-trial brief, the plaintiffs allege a right to appeal under § 8-8(c) and rely on their allegations of statutory and classical aggrievement to establish jurisdiction.[9]
"Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement." Smith v. Planning Zoning Board, 203 Conn. 317,321, 524 A.2d 1128 (1987); Kovacs v. Zoning Commission, Superior Court, judicial district of Danbury, Docket No. 316717 (January 25, 1995) (Stodolink, J.); General Statutes § 8-8(a).[10]
plaintiffs are statutorily aggrieved under § 8-8, because they are either abutting landowners or are living within a radius of one hundred feet from the Summitwood property.
Finding that the plaintiffs are statutorily aggrieved, the question becomes is there any statutory right to appeal the refusal of an inferred site plan approval. "Appellate jurisdiction is derived from the constitutional or statutory provisions by which it is created . . . the determination of the CT Page 4700 existence and extent of appellate jurisdiction depends upon the terms of the statutory or constitutional provisions in which it has its source." (Internal quotation marks omitted). In re Nunez,165 Conn. 435, 441, 334 A.2d 898 (1973).
It is well-settled that the failure of a zoning commission to render a timely decision on a site plan application results in an inferred approval of the application. See, e.g., SSM AssociatesLimited Partnership v. Planning Zoning Commission, 211 Conn. 331,559 A.2d 196 (1989); Gervasi v. Town Planning ZoningCommission, 184 Conn. 450, 440 A.2d 163 (1981) (subdivision application); Viking Construction Company v. Town PlanningCommission, 181 Conn. 243, 435 A.2d 29 (1980) (subdivision application); University Realty, Inc. v. Planning Commission,3 Conn. App. 556, 490 A.2d 96 (1985). Whether there is a right to appeal an inferred approval of a site plan application, however, is not well-settled.
Section 8-8(c), by its express language, grants a right to appeal an inferred approval of a planning commission. It states that "[i]n those situations where the approval of a planning commission must be inferred because of the failure of the commission to act on an application, any aggrieved person may appeal under this section. The appeal shall be taken within twenty days after the expiration of the period prescribed in section 8-26d for action by the commission." General Statutes § 8-8(c).
Although § 8-8(c) is not expressly limited to subdivision applications, this court finds that the legislature did not intend the scope of the appeal right conferred in § 8-8(c) to apply to an inferred approval of site plan applications. The legislature provided for site plan review in the zoning statutes. Inferred approval of site plan applications is governed by §8-3(g) and any appeal therefrom would be governed by the appeal section of the zoning statutes, § 8-8(b).
Since the court has held that § 8-8(c) applies only to subdivision applications, an aggrieved party can only attempt to appeal an inferred approval of a site plan application under § 8-8(b). In fact, Summitwood appears to acknowledge this in its pretrial brief, when it argues that the plaintiffs failed to file a timely appeal under § 8-8(b). But see OctoberTwenty-Four, Inc. v. Planning Zoning Commission, 35 Conn. App. 599,646 A.2d 926 (1994). CT Page 4701
In October Twenty-Four, the plaintiff appealed from a judgment rendered in favor of the defendants, the planning and zoning commission of the Town of Plainville (Commission) and Tomasso Bros., Inc. (Tomasso). Id., 600. Tomasso filed a site plan application with the Commission for construction of an office park. Id. The Commission granted the application and the plaintiff appealed to the superior court. Id. Tomasso moved to dismiss the appeal and the superior court granted the motion. Id.
Tomasso moved to dismiss the appeal to the superior court on the ground that its site plan was approved by operation of law. Id. Tomasso argued that "because the commission failed to act within sixty-five days of the receipt of the application, the plaintiff's appeal was rendered untimely and moot." Id. The trial court granted the motion to dismiss, ruling that the commission had violated the sixty-five day limit for decision imposed by General Statutes § 8-7d(b), resulting in automatic approval of Tomasso's application. Id., 601.
On appeal, the plaintiff claimed, inter alia, that the trial court improperly failed to consider the constitutionality of General Statutes § 8-7d. Id., 600. The plaintiff argued that "the automatic approval imposed by General Statutes § 8-7d(b) is unconstitutional because it does not expressly provide a right to appeal, as is provided for in automatic approvals of subdivision applications under § 8-26 and § 8-8(c)." Id., 608. Accordingly, the plaintiff argued, this defect deprived it of due process and equal protection under the state and federal constitutions. Id.
The appellate court stated, however, that "[t]o be constitutional, a statute authorizing municipal administrative boards to make decisions need not provide for appeals." Id. The court held that § 8-7d(b) is not unconstitutional because it does not expressly provide for a right of appeal from automatic approval of site plan applications. Id., 609. In apparent acknowledgment that there is no statutory right to appeal an inferred approval of a site plan application, the court stated that "[t]he absence of an express appeal provision does not foreclose other forms of judicial relief where appropriate." Id. The court suggested that "a person claiming to be harmed could seek a plenary action for relief." Id. Under the court's holding in October Twenty-Four, there is no statutory right to appeal an inferred approval of a site plan application. CT Page 4702
The plaintiffs may not test inferred approval under §8-8(c) because that section applies to planning commission actions on subdivisions. The plaintiff can not appeal under § 8-8b because under the holding in October Twenty-Four there is no right to appeal the inferred approval of a site plan application provided for by § 8-8(b).
There simply is no right to appeal under any provision of § 8-8 the refusal of the local commission to find inferred approval. If inferred approval, or at least local refusal of inferred approval, is to be tested, the testing must be done by an action other than an appeal under § 8-8. The appeal is dismissed.