[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs bring this application for a Writ of Mandamus to compel the defendants to: (1) Approve the application for a CT Page 11311 special permit and issue the same in regard to a piece of real property owned by the plaintiff, Harold L. Pierce (Pierce), Michael B. Guarco (Guarco), and Philip D. Main (Main): and, (2) Approve the application for a revised site plan in regard to a contiguous piece of real property owned by the corporate plaintiff, Center Shops of East Granby, Inc., (Center).
FACTS
The parties have each stipulated to the following facts:
"1. CENTER SHOPS OF EAST GRANBY, INC., (Center), a Connecticut corporation, is the owner of a certain piece or parcel of land in the Town of East Granby, more particularly shown on the site plan hereto attached as Exhibit A[1].
2. HAROLD L. PIERCE, MICHAEL B. GUARCO and PHILIP D. MAIN (Pierce, Guarco, and Main) are the co-owners of a certain piece or parcel of land in the Town of East Granby, more particularly shown on the site plan hereto attached as Exhibit B.
3. On or about October 4, 1995, Center Shops, Pierce, Guarco and Main gave written authorization to DECKER AND COMPANY (Decker), a Massachusetts corporation, to act as their agent in connection with applications to be made to various land use control agencies of the Town of East Granby regarding their respective parcels. A copy of such written authorization is attached hereto as Exhibit C.
4. The parcels of land owned by Center Shops, Pierce, Guarco and Main are located in a business zone, subject to zoning regulations of the Town of East Granby, relevant portions of which are attached hereto as Exhibit D.
5. On or about September 23, 1996, pursuant to the authorization reflected in Exhibit C, above, Decker caused an application for a special permit to be filed relative to the parcel owned by Pierce, Guarco and Main, designated application No. 96-17 by the PLANNING AND ZONING COMMISSION OF THE TOWN OF EAST GRANBY (PZC), a copy of which application, together with all documents filed with it, is attached as Exhibit E.
6. On or about September 23, 1996, again acting pursuant to the authorization reflected in Exhibit C, above, Decker caused an application for approval of a revised site plan to be filed CT Page 11312 relative to the parcel owned by Center Shops, designated application No. 96-16 by the PZC, a copy of which is attached as Exhibit F.
7. FREDERICK O'BRIEN (O'Brien) is, and at all relevant times was, the Chairman of the PZC.
8. On or about October 30, 1996, Decker, through its attorney, granted a 65 day extension to the PZC for its action on the application for approval of the revised site plan; a copy of the letter granting such extension is attached hereto as Exhibit G.
9. The PZC scheduled a public hearing on the application for special permit for November 26, 1996.
10. At the public hearing on the application for a special permit scheduled for November 26, 1996, Decker withdrew that application and the related application for site plan approval because it had only shortly before learned that an inland wetlands permit would also be required. A letter from Decker to the PZC relating to the withdrawal is attached as Exhibit H.
11. Although the PZC could have required a resubmission of wholly new applications and the payment of new filing fees and could have treated the resubmissions as received at the time of its first regular meeting scheduled thereafter for purposes of measuring the periods of time limited for it to process the applications, it did not do so and it agreed to treat the withdrawn applications as immediately resubmitted and received without the payment of additional fees.
12. At that time, treating the applications as new applications, the PZC received and renumbered them from 96-17 and 97-16 to 96-22 and 96-21 respectively. A memorandum reflecting the action of the PZC, dated November 26, 1996, is attached as Exhibit I.
13. Following a request from the PZC dated January 8, 1997, (Exhibit J), Decker, in writing, agreed to allow a one week delay in the start of the public hearing (Exhibit K).
14. On January 28, 1997, the PZC caused to be published a legal notice purporting to notify the general public of a public hearing to be held on application 96-22, on February 4, 1997. A CT Page 11313 copy of said notice is attached and incorporated herein as Exhibit L.
15. Because of the late publication of the notice of the public hearing, the PZC, at its February 4, 1997, meeting continued the hearing to February 25, 1997, to allow for republication. Exhibit M attached is a transcript of what inspired at that meeting. Exhibit N attached are the minutes of the meeting.
16. The PZC caused another notice to be published on February 13, 1997, and February 20, 1997. A copy of said notice is attached and incorporated herein as Exhibit O.
17. On February 25, 1997, the PZC met to continue the public hearing of February 4, 1997.
18. Exhibit P attached is a transcript of what transpired at that meeting. Exhibit Q attached are the minutes of that meeting.
19. Decker never thereafter consented to any extension but instead stated its position in a letter from its counsel to O'Brien dated March 13, 1997, a copy of which is attached as Exhibit R.
20. At its meeting on April 1, 1997, the East Granby Conservation Commission, sitting as the Town's inland wetland agency took the action shown on Exhibit T."
In addition this court finds that the use to which the application was directed was, "Installation of gasoline service station and convenience store. Request waiver of 25' parking setback requirement." The use proposed under the application for site plan approval was, "Install new driveways to permit access to gas station from Center Shops and add grass islands, rearrange parking as per plan. Waiver of 25' parking setback is requested."
The special permit application shows a property of 4.98 acres, none of which is in wetlands.
The site plan application shows a property of some .45 acres, more than one-half of which is in wetlands.
These two applications were separate and different. This is CT Page 11314 recognized by the plaintiffs' legal counsel when he says in his letter of October 10, 1996, to the commission (Exhibit G):
Gentlemen:
 On behalf of the applicant for the special permit and site plan approval at the above location, I hereby grant an extension for action on the Revised Site Plan for an additional 65 days to coincide with the time line for the special permit application.
The application itself shows 4.98 acres but the attached environmental protection form shows 5.43 acres which of course would be the total acreage of the two properties.
The only application for which notices of hearing were published was for the special permit. The first of these was published January 28, 1997, and the second on February 13, 1997, and February 20, 1997.
Both notices were faulty and did not meet the statutory requirements C.G.S. § 8-26d.
The court cannot find evidence that the plaintiffs are without clean hands.
LAW
The parties seem to agree that a Writ of Mandamus is the appropriate form of relief to be here requested. The plaintiffs and defendants disagree as to the applications of the statutory law to our situation. Plaintiffs' each are claiming that as to their application, the failure of the commission to act within 65 days of the receipt of the application results in the automatic granting of the application by operation of law.
I. Re: Special Permit
C.G.S. § 8-3c requires a public hearing on an application for a special permit. That hearing must begin within 65 days of the receipt of the application and notice must be published not less than 10 days before the date of the hearing and state the time of the hearing. The notice published January 28, 1997, was too late and failed to give the time of the hearing and thus that CT Page 11315 notice was void, C.G.S. § 8-3c. The next notice was published February 13, 1997, and February 20, 1997. It was also defective and void because it failed to state the time of the hearing. id. Proper notice is a prerequisite to action. Maher v. TownPlanning and Zoning Commission, 154 Conn. 420, 425.
Because no hearing was held in regard to the special permit within 65 days of the receipt of the application that application was automatically granted, C.G.S. § 8-7d (a); OctoberTwenty-Four, Inc., v. Planning Zoning Commission,35 Conn. App. 599, 601. State ex rel Brodie v. Powers, 168 Conn. 512.
II. Re: Site Plan
No hearing was required in regard to the site plan application. "Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d", C.G.S. § 8-3 (g). The section referred to requires that all decisions, when a hearing is not required, "shall be rendered within sixty-five days after receipt of such site plan". No decision was made here to deny or modify the application within sixty-five days after the receipt of the site plan. Thus the approval of the site plan application is presumed. C.G.S. § 8-3 (g) Carr v. Woolwich,7 Conn. App. 684, 699-700.
Mandamus is ordered that defendant approve the Pierce, Guarco and Main application for a site plan and the Center application for a special permit.
O'Neill, J.