[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
1. FACTS
This is an administrative appeal from the granting of a Special Exception, pursuant to Conn. Gen. Stats. § 8-3(g), by the Canterbury Planning and Zoning Commission ("the Commission") to allow the excavation of sand and gravel from a portion of the 22 acre property owned by the defendant, Joseph Savino ("Savino"). The property straddles the Town boundary, with 8.99 acres in Scotland and 13.89 acres in Canterbury. The entire excavation area is within the Town of Canterbury, while the existing driveway to be used for access is located entirely in the Town of Scotland over land of others. The Commission approved this application after public hearings by a vote of six to one on August 8, 1996. Return of Record Item 175 (hereafter abbreviated, e.g., "ROR #175").
The Canterbury phase of the application commenced with the filing of an application form dated April 3, 1996 (ROR #1) which contained a clerical error; identifying the excavation area as being in the adjoining Town of Scotland, from which only the access is obtained, rather than in Canterbury.
That application had included the entry "Location of property in question: west of Miller Road, Scotland 06264." It also included the entry "Description of use: gravel excavation (7.5 acres) located in Scotland — main access rd — E. Scotland — Miller Road."
Proper legal notice was given of this application for a meeting on April 11, 1996. At that meeting the minutes included that the Commission concluded: CT Page 5901
"It is noted that a better description of the land involved and map and lot numbers should be added to the application."
In response to the Commission conclusion, Savino, on May 7, 1996, filed an "Amended Application for Special Exception (ROR #1). The description for use in the amended application sought a "gravel excavation proposed on 7.5+ acres located in Town of Canterbury".
Legal notice of the amended application was published on May 31, 1996 and June 11, 1996, for a hearing on June 13, 1996. That public hearing was continued on June 27, 1996 and July 9, 1996.
II AGGRIEVEMENT
Plaintiff Holly Lauver owns abutting property and is statutorily aggrieved. § 8-8(a)(1). Plaintiff Jean-Claude Doucet claims to be classically aggrieved as well as being an intervenor under § 22a-19. The court finds that Doucet is an intervenor and therefore is aggrieved for purposes of § 22a-19. The court further finds that notwithstanding some evidence of truck traffic, dust and noise, Doucet has failed to show a sufficient adverse affect to his property to be classically aggrieved for purpose of § 8-8. Doucet is not aggrieved. The § 8-8 appeal is dismissed as to Doucet.
III COMMISSION'S SUBJECT MATTER JURISDICTION
Notice of the public hearing on the application for the special permit needed to be published twice. The first not more than 15 days nor less than 10 days before the hearing. The second not less than 2 days before the hearing. § 8-3.
In computing this time requirement, terminal days are excluded. Lunt v. Waterford, 159 Conn. 532, 536 (1963). Failure to comply with the notice requirement is jurisdictional. Aurorav. East Haven, 153 Conn. 623, 625 (1966). Actions taken by an agency without giving notice as required by statute are void.State ex rel Brodie v. Powers, 168 Conn. 512, 514 (1975). Because a defective notice is jurisdiction, the appellant can raise improper notice on appeal even if he attends the public hearing.Slagle v. Meriden, 144 Conn. 690, 693 (1957).
In the instant case, the second notice was published on June CT Page 5902 11, 1996 and the hearing held on June 13. This resulted in one not the required two intervening days. Thus this notice was detective.
The defendants argue that the public hearing in this matter was set in a timely manner for May 9, 1996 as a result of the April 11, 1996 application. The defendant further argue that the hearings on June 13, 1996, June 27, 1996 and July 9, 1996 were merely properly noticed continuances of the May 9th hearing.
The court does not agree that the application considered on May 9 was the same application considered on June 13. An interested party inquiring in response to the May 9, 1996 application would have discovered an application for "gravel excavation (7.5 acres located in Scotland — Main access rd — E. Scotland — Miller Road)".
The Commission acknowledged at its April 11, 1996 meeting "that a better description of the land involved and the map and lot numbers should be added to the application".
While the notice for the May 9 public hearing appears timely, it was not for the application which was the subject of the June 13 public hearing.
Because the notice for the June 13 public hearing was factually defective, the Commission's action following that hearing are void.
Since the court grants the appeal and vacates the granting of the permit, there is no reason to reach plaintiffs' claims concerning ex parte communication, predisposition or failure to properly review the application in response to § 22a-19
intervention. Section 22a-19 does not create an action independent of another administrative appeal. Taftville ReservoirPreservation Group v. Norwich, 19 Conn. L. Rptr, No. 2 p. 69 (May 12, 1997).
IV AUTOMATIC APPROVAL
The defendants raise one issue which merits additional comment. Savino was applying for both a special exception and a site plan. Pursuant to § 8-3(g), if the Commission fails to act on a site plan within the time specified in § 8-7d, the site plan is automatically approved. § 8-3(g). Since the CT Page 5903 Commission did not act on the site plan within the time limit specified in § 8-7d, the applicant, relying on SSM AssociatesLimited Partnership v. Planning Zoning Commission,211 Conn. 331, 334 (1989), claims an entitlement to both site plan approval and the special exception referred to in §§ 5.3 and 5.3.3 of the Canterbury Regulations by default.
Notwithstanding the court's granting of the appeal because of defective notice, the applicant would argue that he should still receive his permits because the failure to file timely notice resulted in failure to act within the time limits continued within § 8-7c.
The court in SSM Associates noted:
 As a result of this stipulation, the defendants have no factual basis for mounting a theoretical distinction between a special permit and a site plan. P.336.
Clearly this court is faced with no such stipulation. However, more importantly, this court need not explore the basis for such a theoretical distinction. SSM Associates was an application for a writ of mandamus which was granted by the trial court and affirmed by both the appellate court and the Supreme Court.
Application of the SSM Associates holding to the present action would at a minimum raise the question of whether the Canterbury Commission, under these facts, failed to act; and the question whether inaction could deny an aggrieved plaintiff and/or a § 22a-19 intervenor the right to judicial review.
A statutory land use appeal generally accepts the legitimacy of the agency and its underlying jurisdiction, but questions whether the agency acted unreasonably, arbitrarily or in abuse of the discretion vested in it.
This court has previously held that a party may not use an administrative appeal as the procedural device to force the issuance of a permit for failure to take timely action,Summitwood Assoc. Phase IV v. Planning Commission, CV 371972 (June 10, 1996) 1996 Ct. Supp. 4669 (J.D. New Haven, Booth, J.). While the appellate authority is not absolutely clear on this point, it would serve no purpose to repeat the Summitwood
analysis here. CT Page 5904
It is clear that a writ of mandamus may be used to force the issuance of an approval after a statutory time limit has expired.Leo Fedus Sons Const. Co. v. Zoning Board of Appeals,27 Conn. App. 412, 420 (1992); SSM Associates, supra.
Whatever the merits of the applicants automatic approval agreement if raised in an action for mandamus, or perhaps an action for declaratory judgment, it is not appropriately raised in this appeal.
The plaintiffs' appeal is granted, the action of the Canterbury Commission is void, for lack of proper publication of the notice of public hearing.
Booth, J.