16-1032-cv
*Thomas J. White v. City of Bridgeport*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of January, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
           JOSÉ A. CABRANES,
           GERARD E. LYNCH,
                   *Circuit Judges.*

---

THOMAS J. WHITE,

                   *Appellant,*                    16-1032-cv

           v.

CITY OF BRIDGEPORT,

                   *Defendant-Appellee.*

---

FOR APPELLANT:                      JOHN P. BOHANNON, JR., Deputy City
                                    Attorney, *for* the City of Bridgeport,
                                    Bridgeport, CT

FOR DEFENDANT-APPELLEE:             THOMAS W. BUCCI, Willinger, Willinger &
                                    Bucci, Bridgeport, CT

Appeal from the judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Thomas White ("Appellant"), a tenured public sector employee of the City of Bridgeport, appeals the March 23, 2016 district court decision rejecting his due process claims and granting summary judgment to Bridgeport pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. On appeal, the Appellant argues that Bridgeport violated his Fourteenth Amendment right to a post-termination hearing and that the availability of a plenary state court action to contest his termination was not a constitutionally adequate post-termination remedy.[1] For the reasons primarily laid out in the district court's well-reasoned opinion, we find these claims to be without merit. *See White v. City of Bridgeport*, No. 3:12-CV-1744 (JAM), 2016 WL 1170904, at *1 (D. Conn. Mar. 23, 2016) ("District Court Opinion"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*** 

We review *de novo* orders granting summary judgment pursuant to Rule 56(a) of the Federal Rules Civil Procedure. Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A genuine dispute of material fact exists "where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (internal citation omitted). We are required to resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Id.*

To prevail on a procedural due process claim, the plaintiff must "first identify a property right, second show that the State has deprived him of that right, and third show that the deprivation was effected without due process." *Mehta v. Surles*, 905 F.2d 595, 298 (2d Cir. 1990) (per curiam); *see Matthews v. Eldridge,* 424 U.S. 319, 334 (1976). Here, the parties agree that the Appellant has a property interest in his employment, and that a public employee dismissible only for cause is entitled to a pre-termination and a post-termination hearing, if such a hearing is requested. *See Gilbert v. Hamar,* 520 U.S. 924, 929 (1997); *In Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 532 (1985). The primary issue on appeal is whether a state court action provides a constitutionally adequate post-termination remedy.

---

[1] The Appellant has abandoned his free speech retaliation claim brought pursuant to 42 U.S.C. § 1983, namely that he was unlawfully termination from his position as Bridgeport's Legislative Services Director in retaliation for commenting on matters of public concern in violation of the First Amendment. The Appellant also concedes that he failed to request a pre-termination hearing prior to his actual termination on June 30, 2014 and thus, Bridgeport did not violate his Fourteenth Amendment right to provide him with a pre-termination hearing.

Our precedents in *Dwyer* and *Locurto* make clear that a state court remedy is sufficient as post-termination remedy. *See Dwyer v. Regan,* 777 F.2d 825, 833 (2d Cir. 1985) ("[We are] not persuaded that the state must routinely provide hearings for employees whose positions are targeted for elimination whenever the state adopts such efficiency measures."); *Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001) (an Article 78 proceeding under New York procedural law affords constitutionally adequate post-deprivation remedy for municipal employee to challenge the termination of his employment).[2] Even where an employee alleges that he was impermissibly and singly targeted for termination, as the Appellant does here, "[i]f a State Court proceeding would have been adequate . . . the complaint should be dismissed." *Dwyer,* 777 F.2d at 834. While the Appellant was denied an administrative post-termination hearing by the Bridgeport Civil Service Commission on November 25, 2013, the district court properly observed that he maintained an adequate state court remedy.

The Appellant speculates that "it is doubtful that the Connecticut state courts would have countenanced a plenary state court action . . . to contest his termination" and notes that there is no Connecticut statute authorizing an administrative appeal in Connecticut state court. Pet. Br. 11 n.3. This assertion is incorrect. As the district court explained, "Connecticut courts have recognized—precisely in light of constitutional due process concerns—that '[t]he absence of an express appeal provision does not foreclose other forms of judicial relief where appropriate' and that 'an aggrieved plaintiff may bring a plenary action, rather than an administrative appeal, against the appropriate officials or municipality in order to obtain judicial review of their actions.'" District Court Opinion at *6. *See, e.g., October Twenty-Four, Inc. v. Planning & Zoning Comm'n of Town of Plainville*, 35 Conn. App. 599, 609 (1994); *Brown v. City of Hartford*, 160 Conn. App. 677, 688 (2015) (same); *State v. Vachon*, 140 Conn. 478, 485-86 (1953) ("It is not essential to the constitutionality of a statute which authorizes an administrative board to make orders or grant licenses that it contain a provision for an appeal . . . [because i]f any person claims to be harmed by such an order, his constitutional right to due process is protected by his privilege to apply to a court"); *Diaz v. Bd. of Directors of 1967 Police Pension Fund of Danbury*, 2 Conn. App. 43, 48 (1984) ("where an appeal is improper, a party is not without recourse to protect any claimed property interest from unconstitutional deprivation or impairment" and that municipal employee . . . has right of "recourse" to the courts).

We agree with the district court that "there is nothing to suggest that the Connecticut state courts would not have allowed plaintiff a full adversarial hearing to contest his termination." District Court Opinion at *7. Nor do we see any reason "to depart from the general presumption that a judicial trial represents the epitome of full process." *See Locurto*, 264 F.3d at 175. Accordingly, we conclude that the Appellant had a constitutionally adequate state court remedy.

---

[2] The Appellant cites cases from other courts, including two other courts of appeals, that take a somewhat different approach to this question. *See Clukey v. Town of Camden,* 717 F.3d 52, 61 (1st Cir. 2013) ("It is settled law that there is no exhaustion requirement for § 1983 claims."); *Baird v. Bd. Education*, 389 F.3d 685, 692-93 (7th Cir. 2004) ("A state law breach of contract action is not an adequate post-termination remedy for a terminated employee who possess a present entitlement and who has been afforded only a limited pre-termination hearing."); *Hallsmith v. City of Montpelier*, 125 A.3d 882, 890-891(Vt. June 19, 2015). Regardless of the views of other courts, we are bound by our own precedents.

## CONCLUSION

We have considered all of the arguments raised by Appellant and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk